HOWARD'S UNKNOWN HEIRS et al. v. SKOLANT' et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 3, 1913. Rehearing Denied Jan. 21, 1914.)

1. PLEADING (§ 228*)—ORDER OF PLEADING.

A special exception to a petition as insufficient, which was filed after the general denial, was not filed in due order of pleading as required by Rev. Civ. St. 1911, art. 1902, and district court rule 7 (142 S. W. xvii), and hence was waived.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

2. APPEAL AND ERROR (§ 1041*)—HARMLESS ERROR.

Any error on the ground that the first supplemental petition alleged a new cause of action in that the land sued for was different than that described in the original petition, and the citation by publication only described the land as described in the original petition, was immaterial where the judgment for plaintiff described the land the same as it was described in the original petition with an immaterial variance in one call.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4106–4109; Dec. Dig. § 1041.*]

3. ADVERSE POSSESSION (§ 19*)—SUFFICIENCY OF POSSESSION.

The land in controversy was claimed for more than 10 years by the owners of the C. ranch, which consisted of about 8,000 acres under fence, and was situated in a pasture containing about 3,800 acres inclosed by a fence and used continually during that time for grazing. The land in controversy, which fronts on a certain road, is bounded on its remaining sides by land situated in the 3,800 acre pasture, but does not touch any of the remaining pastures of the C. ranch, and was not used for agricultural purposes. Rev. Civ. St. 1911, art. 5678, provides that possession of land belonging to another by a person owning 5,000 acres or more of land inclosed by a fence in connection therewith or adjoining thereto, shall not be the peaceable and adverse possession contemplated by article 5675, unless such land belonging to another shall be segregated by a substantial fence from said land connected therewith or adjoining thereto, unless at least one-tenth thereof be used for agricultural purposes, etc. Held, that persons claiming through the owners of the C. ranch could claim the land in controversy by adverse possession, since a fence could not be disregarded because it was a partition fence or became such by the acquisition of adjacent fenced land.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 99–105; Dec. Dig. § 19.*]

Error to District Court, Bexar County; Claude V. Birkhead, Judge.

Action by A. Skolant and another against the Unknown Heirs of George T. Howard and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

L. H. Browne, of San Antonio, for plaintiffs in error.

MOURSUND, J. A. Skolant and H. Winkler, defendants in error, on May 27, 1910, sued the unknown heirs of George T. Howard, Charles McCormick, Richard Forrester, and Elizabeth Crockett to remove cloud from the title to Survey No. 306 in Bexar county,

located by virtue of certificate No. 428, issued to David Crockett by James S. Gillett, adjutant general, on March 13, 1852. The first field notes to the land were set out, also corrected field notes upon which patent issued. Plaintiffs alleged ownership by virtue of the three, five, and ten years' statutes of limitation, and that, by reason of there appearing upon the records of deeds of Bexar county transfers to the parties whose heirs are sued, a cloud is cast upon plaintiffs' title, notwithstanding the said parties' title is void and a pretense. Defendants, through their attorney, appointed by the court, filed their "second amended answer," containing: (1) A motion to quash the citation by publication issued in the case. (2) A general demurrer. (3) A general denial. (4) A special exception to the sufficiency of the petition because it fails to set out the claim of the defendants and does not allege that such claim is unknown to plaintiffs. (5) A special answer, to the effect that the land sued for is entirely surrounded by lands owned and fenced by plaintiffs, and is not segregated and separated from such other lands by fences, nor is one-tenth used for agricultural or manufacturing purposes, and further that plaintiffs owned and claimed more than 5,000 acres inclosed by a fence in connection with the land sued for and adjoining thereto, and the land sued for was never segregated and separated by a fence from the lands connected therewith and adjoining thereto, nor was one-tenth of the land sued for cultivated or used for manufacturing purposes, nor was actual possession thereof held by plaintiffs. (6) A cross-action for the land in form of trespass to try title.

Plaintiffs by supplemental petition excepted to defendants' special exceptions because not filed in due order of pleading, and alleged that defendants could not make any claim to the land sued for and never have, and that it is now too late for them to make such claim because they are barred by the statute of limitations, and further alleged that the only reason for bringing the suit is that a location of said land was made about 20 years prior thereto, but a patent was withheld by reason of the fact that a portion of the land so located was in conflict with older surveys; that another survey was made and a patent procured thereon by outside parties who were setting up at the time a false and unlawful claim to said property, and who caused the second set of field notes set forth in plaintiffs' petition to be sent into the General Land Office and incorporated in a second patent, stating the acreage of the survey as 128 acres, which was incorrect; that the true amount of land in the survey is only about 60 acres, the same being bounded on the north by the Sevey survey No. 357, on the west by the Hunt road, which is the line of the Clementa Tehoda survey No. 69, and on the south and southeast

by surveys No. 301, in the name of Thomas Thomas, and survey No. ———, in the name of F. Rivas; that said Crockett land fronts on the Hunt road about 400 or 500 varas, its north side- is about 1,076 varas, and the south side and southeast side is bounded by the Thomas Thomas and F. Rivas surveys, respectively, and the land sued for is a part of the land described in said patents; that, by reason of said location and certain papers filed in the names of the defendants, a cloud was formed upon plaintiffs' title.

Defendants moved to strike out plaintiffs' supplemental petition or to require a new citation to be issued, and filed special exceptions to be considered in the event of the overruling of the motion to strike out, also a general denial should the exceptions be overruled. Defendants' demurrer and exceptions were overruled, and the trial before the court resulted in a judgment for plaintiffs, from which defendants appealed.

[1] By the first assignment of error complaint is made because the court overruled defendants' special exception attacking the petition as insufficient on the ground that it did not set out the defendants' claim to the land nor allege that such claim was unknown to plaintiffs. As the exception was preceded by the general denial, it was not filed in due order of pleading as required by article 1902 of Revised Statutes of 1911, and rule 7 for the district courts (142 S. W. xvii), and was therefore waived. Had it been filed in due order of pleading, the overruling thereof would not have constituted such error as would require a reversal of the case. Rule 62a for Courts of Civil Appeals (149 S. W. x). The assignment is overruled.

[2]. By the second assignment complaint is made because the court did not grant defendants' motion to strike out plaintiffs' first supplemental petition; the contention being that a new cause of action is alleged therein in that the land sued for is different from that described in the original petition, which should not be permitted as there was no personal service, nor any attorney selected by defendants, and the citation by publication only contained the description of the land contained in the original petition. As the judgment describes the land as the same as described in the original petition, with an immaterial variance in the last call, we fail to see how the error, if it be one, is material. Had the judgment been for the land as described in the supplemental petition, it would be necessary to determine whether the same land was described as in the original petition, and we think there can be no doubt that it was the same; but, as the judgment follows the description contained in the original petition upon which the citation was issued, the want of a citation containing the other description becomes immaterial. The assignment is overruled.

The third assignment is overruled for the reason stated in overruling the second assignment.

[3] The fourth and fifth assignments attack the sufficiency of the evidence to support the finding that plaintiffs had title to the land sued for under the 10 years' statute of limitations, as held by the trial court. The Cable ranch consists of about 8,000 acres, all under fence; the various tracts of land composing the same having been purchased from 1885 to 1892 by those under whom plaintiffs hold. These tracts were inclosed by fence when bought. For more than .10 years the land in controversy was claimed by the owners of the Cable ranch, being situated during all of said time in a pasture containing about 3,800 acres of land, inclosed by fence, and used continuously during all of said time by them for grazing purposes. The land in controversy fronts on the Hunt road, and is bounded on its remaining sides by lands situated in said 3,800-acre pasture, and does not touch any of the remaining pastures of the cable ranch. No part of same was used for agricultural or manufacturing purposes, and there were no improvements thereon other than a portion of the fence inclosing the 3,800-acre pasture. Plaintiffs in error contend that, as the entire ranch contains about 8,000 acres, article 5678, Revised Statutes of 1911, precludes the acquisition of the land in controversy under the 10 years' statute of limitations; that the owners of the Cable ranch owned or claimed more than 5,000 acres inclosed by a fence in connection with or adjoining to the land in controversy; and that none of the exceptions existed which would permit the acquisition thereof by limitation under the statute. In other words, that the cross-fence separating the 3,800 acres from the remainder of the Cable ranch would have no effect upon the question of limitation. The contention does not appeal to us as correct. To disregard a fence because it was made as a partition fence or became a partition fence by the acquisition of adjacent fenced land would be to give the words "inclosed by a fence" a meaning other than the usual and ordinary one and one which the Legislature could have easily expressed had it desired to do so. The Legislature had no desire to discriminate between the landowners on account of the size of their holdings, with respect to their rights to acquire title to other lands by limitation, but merely to mitigate to a certain extent the evil of any one acquiring title by means of such large inclosures that the owners would have difficulty in ascertaining whether their land was inclosed, use made thereof, and the same held adversely when the only evidence thereof was that a line of fence extended along the same and stock was permitted to graze thereon. The requirements as to size of inclosure and methods of use were arbitrarily fixed. Questions naturally suggest them-

selves as to why the uses which would make inoperative the provision as to size of inclosure should be limited to agriculture or manufacturing, also what was meant by actual possession, and it is easy to suggest that other effective means of giving notice could have been mentioned besides the uses stated or actual possession, and it may also be inconsistent to leave the size of the pasture an immaterial matter under the five years' statute, presumably because of notice by deeds and payment of taxes, and yet make no exception when the ten years' statute is invoked under recorded deeds. Without seeking to justify the peculiar wording of the statute or even to construe the same further than is necessary, we hold that the possession of the land in controversy in this case was the possession contemplated by article 5675, Revised Statutes of 1911, because the possession held by plaintiffs and those under whom they hold was not by persons owning or claiming 5,000 acres or more of land inclosed by a fence in connection therewith or adjoining thereto. The inclosure was of such character that plaintiffs acquired title by limitation to the land in controversy under the facts stated, and the court did not err in so holding. The assignments are overruled.

Judgment affirmed.