## VERGARA v. MYERS et al. (No. 6494.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 26, 1921. Rehearing Denied March 3, 1921.)

Adverse possession ⬉19—Leased lands cannot be deducted from acreage inclosed to reduce it to less than 5,000 acres.

Under Rev. St. 1911, art. 5678, providing that title to a tract by adverse possession cannot be gained by merely inclosing it with other lands where the inclosure exceeds 5,000 acres, a claimant by inclosure cannot escape the effect of the statute by asserting that within his inclosure of more than 5,000 acres there are lands which are leased and not owned by him and which should therefore be deducted from the acreage inclosed to reduce it to an inclosure of less than 5,000 in legal effect.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by A. Myers and others against Ygnacio Vergara. Judgment for plaintiffs, and the defendant appeals. Affirmed.

A. Winslow and W. W. Winslow, both of Laredo, for appellant.

John L. Dannelley, of Laredo, for appellees.

COBBS, J. This is an action in trespass to try title to 640 acres of land, known as

survey 1669, situated in Webb county. The cause was tried before the court without a jury, resulting in a judgment for appellees for the land sued for. It is submitted here on an agreed statement of facts.

The land sued for is included within an inclosure known as "Middle Pasture," with other surveys, to wit, 1668, 1669, 1670, 1674, 1675, 1676, 1679, 1680, and up to the year 1918 it included survey No. 1678, at which time that survey was fenced out. The fence around all the surveys was put there in 1906, and included therein, with survey No. 1679, leased land, aggregating 5,760 acres. Were survey No. 1678 excluded, it would still include 5,120 acres, with the leased land. Each survey named embraces 640 acres of land. If the leased land be excluded with the fenced out survey, then there would be for the last two or more years only 4,480 acres therein. Even though we should adopt appellant's view and say the pasture at the institution of the suit only contained 4,480 acres, yet the appellant would not then establish his limitation title, because he could only show about two years' possession, because it included survey No. 1678 up to the time it was fenced out. From that time, it included, with the leased land, 5,120 acres, which would still be too much. If, as appellant admits, he did not claim survey No. 1679 as his own, inclosed in the pasture, because it was leased from some other person, he breaks the continuity of his possession and claim of ownership of all the lands within his pasture for limitation purposes.

A proposition cannot be maintained that one may include in an inclosure more than 5,000 acres, including some other lands he did not claim, and acquire by limitations the balance. He must keep his "flag flying" to all the lands embraced within the inclosure as his own for the length of time the law requires to toll the statute of limitations. His possession cannot be augmented with another's land. While appellant has made such improvements and such use of the property as would otherwise give title to him by limitation, if the inclosure was more than 5,000 acres he is precluded from so doing by virtue of the terms of the statute, art. 5678, R. S., in such cases prohibiting such claims because of the amount of acreage therein. To acquire the title to another's land by virtue of the statute of limitation, a strict compliance with the law is exacted. Appellant cannot include another's land, not claimed by him, within an inclosure of 5,000 acres and acquire title thereto by limitations to all the balance. It cannot be reduced to less than 5,000 acres by saying that "within that inclosure there are 640 or 1,000 acres that do not belong to me, and not claimed by me, but owned and claimed by others from whom it has been leased" to reduce it to within the 5,000-acre limit. To do this would render the law nugatory. Kendrick v. Polk et al., 225 S. W. 826; Schaeffer v. Williams et al., 208 S. W. 224; Howard's Unknown Heirs v. Skolant, 162 S. W. 978.

We find no error in the judgment of the court, and the judgment is affirmed.