**VERGARA v. MYERS et al. (No. 319–3632.)**

(Commission of Appeals of Texas, Section A. April 26, 1922.)

1. Adverse possession ⟨Key⟩19 — Owner of all lands surrounding certain section held not to have had "peaceable and adverse possession" within statute by reason thereof.

Owner of all land surrounding a certain section did not by reason thereof have "peaceable and adverse possession" within Rev. St. art. 5675, where the section was not segregated and separated from the circumscribing lands by a fence, and was not used for agricultural or for manufacturing purposes as required by article 5677.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Peaceable and Adverse Possession.]

2. Adverse possession ⟨Key⟩19—Person in possession of 5,000 acres inclosed by fence could obtain title by adverse possession of a portion, though he leased another part.

Under Rev. St. art. 5678, making possession of 5,000 or more acres of land inclosed by a fence peaceable and adverse possession, of person in actual possession thereof, a person in possession could obtain title by adverse possession to a portion thereof, though he had leased and did not claim to be the owner of one of the other tracts within the inclosure.

3. Adverse possession ⟨Key⟩107—In absence of fence inclosing land and of written memorandum fixing boundaries, title by adverse possession could be acquired only as to 160 acres.

If person in possession of 5,000 acres of inclosed land obtained title to a tract within the inclosure because of actual possession thereof, under Rev. St. art. 5678, where such tract was not fenced, and there was no written memorandum of title registered fixing the boundaries of the claim of such person, he could not acquire title to more than 160 acres thereof under article 5676.

4. Adverse possession ⟨Key⟩115(3) — Occupancy of part of section held not as matter of law notice to owner that occupant was claiming entire section.

The extension of a field on an adjoining section of land so as to include 4 or 5 acres

(239 S.W.)

thereof, and the construction of two tanks and two reservoirs on such tract, did not as matter of law constitute such adverse possession of such section as to give notice to owner of the occupant's claim to the whole of the section.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by A. Myers and others against Ygnacio Vergara. Judgment for plaintiffs affirmed by the Court of Civil Appeals (227 S. W. 1118), and defendant brings error. Reversed.

W. W. Winslow, of Loredo, for plaintiff in error.

John L. Dannelly, of Loredo, for defendants in error.

SPENCER, P. J. This was a suit in trespass to try title by defendants in error; A. Myers, L. Myers, and J. Myers, to recover of plaintiff in error, Ygnacio Vergara, a 640-acre section of land in Webb county. It is agreed that defendants in error hold the record title and should recover unless defeated by plaintiff in error's title by limitation. A trial in the district court resulted in favor of defendants in error and a like result followed in the Court of Civil Appeals. 227 S. W. 1118.

Article 5675, Revised Civil Statutes, reads:

"Any person who has the right of action for the recovery of any lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward."

Article 5676, Revised Civil Statutes, reads:

"The peaceable and adverse possession contemplated in the preceding article, as against the person having right of action, shall be construed to embrace not more than one hundred and sixty acres, including the improvements or the number of acres actually inclosed, should the same exceed one hundred and sixty acres; but when such possession is taken and held under some written memorandum of title, other than a deed, which fixes the boundaries of the possessor's claim and is duly registered, such peaceable possession shall be construed to be co-extensive with the boundaries specified in such instrument."

Article 5677, Revised Civil Statutes, reads:

"A tract of land owned by one person, entirely surrounded by a tract or tracts owned, claimed or fenced by another, shall not be considered inclosed by a fence inclosing the circumscribing tract or tracts, or any part thereof; nor shall the possession by the owner or claimant of such circumscribing land of such interior tract be the peaceable and adverse possession contemplated by article 5675, unless the same be segregated and separated from the circumscribing land by a fence, or unless at least one-tenth thereof be cultivated and used for agricultural purposes, **or used for manu-facturing purposes."**

Article 5678, Revised Civil Statutes, reads:

"Possession of land belonging to another by a person owning or claiming five thousand acres or more of lands inclosed by a fence in connection therewith, or adjoining thereto, shall not be the peaceable and adverse possession contemplated by article 5675, unless said land so belonging to another shall be segregated and separated by a substantial fence from said lands connected therewith or thereto adjoining, or unless at least one-tenth thereof shall be cultivated and used for agricultural purposes, or used for manufacturing purposes, or *unless there be actual possession thereof."* (Italics ours.)

Articles 5677 and 5678 are limitations upon article 5675. It is observed, however, that article 5678 is more liberal in one respect in favor of the party claiming adversely than is article 5677. This liberality consists in the incorporation therein of the last clause thereof, which is not to be found in article 5677.

[1] The survey in controversy was one of 9 sections of 640 acres within a single inclosure from September, 1906, to the year 1918. All these sections were owned or claimed by plaintiff in error, except No. 1678, which he had leased from a third party. In 1918 section No. 1679 was thrown into what is termed in the record as the middle pasture. Section 1669 was entirely surrounded by land owned, claimed, or fenced by plaintiff in error; but, as it was not segregated and separated from the circumscribing lands by a fence, and as no such use was made of it as contemplated by article 5677, there was no peaceable and adverse possession of it within the meaning of that article. If, therefore, plaintiff in error is entitled to recover, it is in virtue of article 5678.

The agreed statement of facts is in part as follows:

"That defendant, Ygnacio Vergara, has three pastures, known as the upper pasture, the middle pasture, and Abra Bonita pasture. The middle pasture, the one in which the land in controversy is inclosed, was fenced by defendant in September, 1906, and included surveys 1668, 1669, 1670, 1674, 1675, 1676, 1678, 1679, and 1680, all of which defendant claims except survey No. 1679, which belongs to one Trammell, and has never been claimed by defendant, but for the last three years has been leased by him. That in 1918 defendant's survey No. 1678 was thrown into the upper pasture by extending the fence east from its southwest corner, to its southeast corner, and other than this no changes have been made in the fences, and the attached map correctly shows the location of all of the fences and the relative positions of the surveys. That all surveys contain 640 acres each.

"That the defendant, Ygnacio Vergara, purchased survey No. 1669, the tract of land in controversy, together with seven other surveys, hereinbefore mentioned, as claimed by him, from C. C. Pierce, in the month of October, 1907, by two certain quitclaim deeds, which

were not filed for record, until August 9, 1919; and the balance of the land hereinbefore mentioned, as claimed by him, was purchased by him, from the state of Texas, in the year 1906.

"That defendant has ranch houses located on surveys Nos. 1680 and 1668, and that four or five acres of his field extends over and takes that much of survey 1669, the land in controversy; that he has a small tank on survey 1669, two reservoirs for irrigating the farm, and that a corner of a ground tank extends onto survey 1669. That his old ranch site on survey 1669 was moved to the other side of the tank.

"That since he constructed the middle pasture fence in 1906, he has had peaceable and adverse possession of said pasture, which includes survey No. 1669, using and enjoying the same; and ranging thereon 500 or 600 head of cattle and 40 or 50 head of horses."

It is apparent from the agreed statement of facts that plaintiff in error has had inclosed, at all times between 1906 and 1918, more than 5,000 acres of land which he claimed, and therefore the case is brought within the purview of the last clause of article 5678, and his actual possession of the tract in controversy or a part thereof has ripened into limitation title as to a portion of the land, unless, as held by the honorable Court of Civil Appeals, that as he did not claim section 1679 the continuity of his possession and claim of ownership to all the lands within the pasture for limitation purposes was broken.

[2] The effect of that court's holding is that limitation does not run against one tract of land within an inclosure, if there are other tracts within that inclosure, belonging to third parties, or other tracts not claimed by the person asserting limitation to other tracts. In other words, that all the land inclosed must be owned or claimed by the person asserting limitation. To this conclusion, we cannot give our assent. The person claiming adversely can, we think, recognize the title to one tract of land by leasing it and repudiate the title to the other tracts. This, plaintiff in error seems to have done in this case. Taliaferro v. Butler, 77 Tex. 578, 14 S. W. 191.

Had the Legislature intended to declare there should not be peaceable and adverse possession of a tract of land within an inclosure containing 5,000 or more acres in the event that there were other tracts within the inclosure, not claimed, it could easily have said so; but as there is no such declaration, either expressed or implied, no such construction will be given it.

[3] As the tract of land in controversy was not fenced and as there was no memorandum of title registered, fixing the boundaries of plaintiff in error's claim, he is in no event entitled to more than 160 acres of it. This is so because of the limitation imposed by article 5676. Article 5678 must be construed in connection with article 5676.

[4] Based upon the agreed statement of facts it cannot be said as a matter of law, however, that plaintiff in error was claiming the entire tract in controversy. If upon another trial it should develop that his occupancy and possession were such as to give notice that he was claiming the entire tract, he would in that event be entitled under article 5676 to 160 acres thereof, to be surveyed so as to include his improvements.

On the other hand, if the proof should show that the improvements made upon the section in controversy were placed thereon by plaintiff in error by mistake and with no intention of claiming the entire tract, then in that event he would be entitled to claim only to the extent of the lands actually used for such improvements. Titel v. Garland, 99 Tex. 201, 87 S. W. 1152; Holland v. Nance, 102 Tex. 184, 114 S. W. 346; Bender v. Brooks, 103 Tex. 329, 127 S. W. 168, Ann. Cas. 1913A, 559; Fielder v. Houston Oil Co. of Texas (Tex. Com. App.) 208 S. W. 158.

We recommend, therefore, that the judgments of the Court of Civil Appeals and the district court be reversed, and the cause be remanded to the district court for a new trial not inconsistent with this opinion.

CURETON, C. J. It is because we cannot find that the extension of a field on an adjoining tract so as to include 4 or 5 acres of survey No. 1669, together with two tanks and two reservoirs, constitutes, as a matter of law, such adverse possession as gave notice to the owner of the occupant's claim to the whole of survey No. 1669, that we do not render judgment for plaintiff in error for 160 acres. Instead, we enter the judgment recommended by the Commission of Appeals, and remand the cause, leaving for determination, under a fuller and clearer development of the facts whether plaintiff in error's title matured to 160 acres or to only the land on survey No. 1669 covered by the improvements.