**VERGARA v. KENYON. (No. 6906.)** *

(Court of Civil Appeals of Texas. San Antonio. March 7, 1923. Rehearing Denied March 28, 1923.)

Adverse possession &⇒19—No prescriptive title where section in controversy, surrounded by other lands of defendant, had not been separately fenced nor used for agricultural or manufacturing purposes.

Where the section of land, claimed adversely by defendant under Rev. St. arts. 5675–5678, was entirely surrounded by other lands claimed and fenced by defendant, aggregating 9,600 acres, but such section had not been segregated nor separated from the circumscribing land

by substantial fence, and· no part thereof used for agricultural or manufacturing · purposes, held, that, under express provisions of articles 5677, 5678, defendant had not the peaceable and adverse possession contemplated by article 5675.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by Clara M. Kenyon against Ygnacio Vergara. Judgment for plaintiff, and defendant appeals. Affirmed.

W. W. Winslow, of Laredo, for appellant.
John L. Dannelley, of Laredo, for appellee.

COBBS, J. Appellee brought this suit to recover against appellant survey No. 1671 for 640 acres of land in Webb county, located by virtue of scrip issued to C. C. S. D. R. G. N. Ry. Co. The defense was not guilty and the ten-year statute of limitations.

The case was tried before the court without a jury, and a judgment was entered for the appellee, based upon the following findings of fact and conclusions of law, made and filed by the court, to wit:

"Findings of Fact.

"First. I find as a fact that the plaintiff, Clark M. Kenyon is vested with the record title to the tract of land in controversy, viz.: Survey No. 1671, certificate No. 1169, grantee, C. C. S. D. R. G. N. R. R. Co. Abstract No. 1127, in Webb county, Texas, containing 640 acres of land.

"Second. That defendant, Ygnacio Vergara, in the year 1907 inclosed the tract of land in controversy with five other surveys of 640 acres each, and since said date up to the present time has complied with all the requirements of the ten-year statute of limitation, and is entitled to recover unless precluded by the provisions of articles 5677 and 5678, R. S. No part of survey 1671 has been used by him for agricultural or manufacturing purposes, and there are no improvements thereon except the fence on the east and north sides.

"Third. That the fence inclosing said pasture where said survey is located runs along the eastern and northern boundary line of said survey, and forms a partition fence between the pasture where the tract of land in controversy is located and an adjoining pasture, owned, claimed and fenced by the defendant, Ygnacio Vergara, which contains 5,760 acres.

"Fourth. That all fences and the cross fence have been continuously on said land since the year 1907 up to the present time.

"Fifth. That the map, Exhibit A, hereto attached shows the true location of the tract of land in controversy and the position of the fences and cross fence inclosing the two pastures inclosed by the defendant.

"Sixth. That the rental value of . said land from October 18, 1920, to October 18, 1922, is $192.

"Conclusions of Law.

"First. That the defendant has not had the peaceable and adverse possession contemplated

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted April 18, 1923.

by article 5675, R. S. for the reason that the holdings of the defendant in the pasture where the tract of land in controversy is located, to wit, 3,840 acres, together with his holdings in the adjoining pasture, to wit, 5,760 acres, make a total of 9,600 acres, and there being no actual possession and no part of said land being used for agricultural or manufacturing purposes, brings this case within the purview of article 5678, R. S.

"Second. That the defendant has not had the peaceable and adverse possession contemplated by article 5675, R. S., for the reason that the tract of land in controversy is entirely surrounded by lands owned, claimed, or fenced by the defendant, and is not segregated and separated from the circumscribing lands by a fence, except as shown on the map hereto attached, and, no part thereof being used for agricultural or manufacturing purposes, brings this case within the purview of article 5677, R. S.

"Third. The case coming within the purview of articles 5677 and 5678, the title is with plaintiff.

"Fourth. That plaintiff has been damaged in the sum of $192, as rents for said premises."

We think the facts as found by the court, clearly apparent also from the map, lead to the conclusion that the judgment of the trial court and his conclusions based thereupon are correct, and are here adopted as the opinion of this court.

We see no error committed that requires a reversal, and the judgment is affirmed.