**VERGARA v. KENYON.　(No. 456–3975.)**

(Commission of Appeals of Texas, Section B. May 21, 1924.)

Adverse possession ⬰19—Tract held "entirely surrounded" by lands of adverse claimant within statute prescribing requisites of adverse possession of interior tract.

Section of land bounded on east and south by tracts owned and fenced by owner of tracts surrounding it on all other sides except tract to southeast, which joined east and south tracts at southeast corner of section, *held* entirely surrounded by such owner's lands within Vernon's Sayles' Ann. Civ. St. 1914, art. 5677, providing that possession of such circumscribing land shall not be peaceable, adverse possession of interior tract contemplated by article 5675, unless latter is segregated by fence or at least · one-tenth is used for agricultural or manufacturing purposes.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by Clark M. Kenyon against Ygnacio Vergara. Judgment for plaintiff affirmed (249 S. W. 514), and defendant brings error. Affirmed.

W. W. Winslow, of Laredo, for plaintiff in error.

J. L. Dannelley, of Laredo, for defendant in error.

POWELL, P. J. The nature and result of this cause have been accurately stated by the Court of Civil Appeals in the following language:

"Appellee brought this suit to recover against appellant survey No. 1671 for 640 acres of land in Webb county located by virtue

of script issued to C. C. S. D. R. G. N. Ry. Co.

"The defense was not guilty and the ten-year statute of limitations.

"The case was tried before the court without a jury, and a judgment was entered for the appellee, based upon the following findings of fact and conclusions of law, made and filed by the court, to wit:

"'Findings of Fact.

"'First. I find as a fact that the plaintiff, Clark M. Kenyon, is vested with the record title to the tract of land in controversy, viz., survey No. 1671, certificate No. 1169, grantee, C. C. S. D. R. G. N. R. R. Co., abstract No. 1127, in Webb county, Tex., containing 640 acres of land.

"'Second. That defendant, Ygnacio Vergara, in the year 1907 inclosed the tract of land in controversy with five other surveys of 640 acres each, and since said date up to the present time has complied with all the requirements of the ten-year statute of limitation, and is entitled to recover unless precluded by the provisions of articles 5677 and 5678, R. S. No part of survey 1671 has been used by him for agricultural or manufacturing purposes, and there are no improvements thereon except the fence on the east and north sides.

"'Third. That the fence inclosing said pasture where said survey is located runs along the eastern and northern boundary line of said survey, and forms a partition fence between the pasture where the tract of land in controversy is located and an adjoining pasture, owned, claimed and fenced by the defendant, Ygnacio Vergara, which contains 5,760 acres.

"'Fourth. That all fences and the cross-fence have been continuously on said land since the year 1907 up to the present time.

"'Fifth. That the map, Exhibit A, hereto attached, shows the true location of the tract of land in controversy and the position of the fences and cross-fence inclosing the two pastures inclosed by the defendant.

"'Sixth. That the rental value of said land from October 18, 1920, to October 18, 1922, is $192.

"'Conclusions of Law.

"'First. That the defendant has not had the peaceable and adverse possession contemplated by article 5675, R. S., for the reason that the holdings of the defendant in the pasture where the tract of land in controversy is located, to wit, 3,840 acres, together with his holdings in the adjoining pasture, to wit, 5,760 acres, make a total of 9,600 acres, and there being no actual possession and no part of said land being used for agricultural or manufacturing purposes, brings this case within the purview of article 5678, R. S.

"'Second. That the defendant has not had the peaceable and adverse possession contemplated by article 5675, R. S., for the reason that the tract of land in controversy is entirely surrounded by lands owned, claimed, or fenced by the defendant, and is not segregated and separated from the circumscribing lands by a fence, except as shown on the map hereto attached, and, no part thereof being used for agricultural or manufacturing purposes,

brings this case within the purview of article 5677, R. S.

" 'Third. The case coming within the purview of articles 5677 and 5678, the title is with plaintiff.

" 'Fourth. That plaintiff has been damaged in the sum of $192 as rents for said premises.'

"We think the facts as found by the court, clearly apparent also from the map, lead to the conclusion that the judgment of the trial court and his conclusions based thereupon are correct, and are here adopted as the opinion of this court. We see no error committed that requires a reversal, and the judgment is affirmed."

See 249 S. W. 514.

As indicated in the findings of fact filed by the trial court, the same were accompanied by a map and plat of the land in question. Such plat accompanies the opinion of the Court of Civil Appeals on file among the papers in this case and can also be found in the Southwestern Reporter at the place heretofore indicated.

Writ of error was granted by the Supreme Court upon the alleged conflict between the decision of the Court of Civil Appeals in the instant case and its own former opinion in the case of Howard's Unknown Heirs et al. v. Skolant et al., 162 S. W. 978.

In the case at bar, the lower courts hold that plaintiff in error is precluded from recovering the land in suit by virtue of articles 5677 and 5678 of Vernon's Sayles' Revised Civil Statutes of Texas, and each of said articles. In holding that article 5678 applies to the land in suit, the decision of the Court of Civil Appeals is in conflict with the case of Howard's Unknown Heirs v. Skolant, supra. In the latter case the Court of Civil Appeals held that where one tract of land, under a common fence, containing about 8,-000 acres, was subdivided by a cross-fence into two separate pastures, one containing about 3,800 acres, the statute aforesaid had no application; that neither pasture contained 5,000 acres by itself.

In the case at bar, we have, 9,600 acres entirely surrounded by a fence. But 3,840 acres are cut off by a cross-fence from another pasture of 5,760 acres. The Court of Civil Appeals holds that since there are 9,600 acres of land in a body, the acreage exceeds 5,000 acres, and that article 5678 applies; in other words, that the statute cannot be avoided by one who owns more than 5,000 acres of land by his act in separating his entire holdings by cross-fences. Therefore the Court of Civil Appeals holds, in the instant case, that article 5678 does apply, even though the land in suit is in the pasture containing only 3,840 acres.

Article 5675 of our statutes reads:

"Any person who has the right of action for the recovery of any lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit

therefor within ten years next after his cause of action shall have accrued, and not afterward."

Article 5677 of our statutes reads:

"A tract of land owned by one person, entirely surrounded by a tract or tracts owned, claimed or fenced by another, shall not be considered inclosed by a fence inclosing the circumscribing tract or tracts, or any part thereof; nor shall the possession by the owner or claimant of such circumscribing land of such interior tract be the peaceable and adverse possession contemplated by article 5675, unless the same be segregated and separated from the circumscribing land by a fence, or unless at least one-tenth thereof be cultivated and used for agricultural purposes, or used for manufacturing purposes."

Article 5678 of our statutes reads:

"Possession of land belonging to another by a person owning or claiming five thousand acres or more of lands inclosed by a fence in connection therewith, or adjoining thereto, shall not be the peaceable and adverse possession contemplated by article 5675, unless said land so belonging to another shall be segregated and separated by a substantial fence from said lands connected therewith or thereto adjoining, or unless at least one-tenth thereof shall be cultivated and used for agricultural purposes, or used for manufacturing purposes, or unless there be actual possession thereof."

Plaintiff in error makes no contention in his application that article 5678 applies and that by reason of such application he should recover the land in suit. On the contrary, he contends that it does not apply since, under the authority of the Skolant Case, which he alleges is correct, the land in suit is part of a pasture containing only 3,840 acres. Inasmuch as it is conceded that plaintiff in error has not complied with the requirements of article 5678, if it should be held to apply to the case at bar, and therefore could not recover, in any event, by virtue of that statute, we do not think it necessary to decide the conflict as to whether or not it does apply. In other words, even if we concede the correctness of the rule laid down in the Skolant Case, as contended for by plaintiff in error in his application, for the purposes of this case, we would then find it necessary to decide whether or not article 5677 precludes plaintiff in error from recovering the land in suit. Therefore we do not settle this conflict. It is not necessary to a decision of the case, as we see it. But we will only say that the Supreme Court refused a writ of error in the Skolant Case.

Does article 5677 preclude plaintiff in error from recovering this 640-acre tract as held by the lower courts? Upon this point, a very interesting case is one by section A of the Commission of Appeals. We refer to the case of Vergara v. Myers, 239 S. W. 942, decided about two years ago. In that case, the same Vergara pastures were before the

court as are now before us. In that case, the land in suit was section 1669. It was entirely surrounded by lands claimed by Vergara, part of which were in a third or upper pasture. Except for the exact contention we shall hereafter discuss, the court had the same situation before it which we have here. And in that case it was said:

"Section 1669 was entirely surrounded by land owned, claimed, or fenced by plaintiff in error; but, as it was not segregated and separated from the circumscribing lands by a fence, and as no such use was made of it as contemplated by article 5677, there was no peaceable and adverse possession of it within the meaning of that article. If, therefore, plaintiff in error is entitled to recover, it is in virtue of article 5678."

But plaintiff in error says that he was not required to segregate and separate section 1671 from all circumscribing lands, as required by article 5677, because it was not "entirely surrounded" by lands owned, claimed or fenced by him. The plat shows that section 1671 is surrounded entirely on the east by section 1674, entirely on the north by section 1670, entirely on the west by sections 1658 and 1659, and entirely on the south by section 1672; that all of these surrounding sections just mentioned are owned or claimed by Vergara. The plat further shows that the southeast corner of section 1671 is the southwest corner of section 1674 and the northeast corner of section 1672. These three sections have a common corner. The fences of Vergara meet in this corner. His fences entirely surround section 1671. The land of the three sections under discussion come to a common point. Therefore we think the Court of Civil Appeals was entirely justified in finding as a fact that section 1671 was entirely surrounded by other sections belonging to Vergara. The actual physical facts seem to show this.

But plaintiff in error contends that the land of another is southeast from section 1671; that this other land comes into a common point with the three Vergara sections just mentioned; that therefore this common point shared by another's land precludes the assertion that the Vergara lands entirely surround section 1671. As already shown by us, the Vergara sections actually meet in this same common point. Therefore we must determine whether or not it could possibly be said that a common point has any dimensions constituting space. Upon this point none of the attorneys cite any authorities. We have been unable to find any. But we do find the word "point," mathematically speaking, defined as follows in Webster's New International Dictionary:

"That which has neither parts nor extent, but position only; an end of a line segment; a single intersection of two lines or curves or of three surfaces, and so on."

Again, the same authority defines it thus:

"A place having definite position but no extent in space; a place considered as to its position only."

Therefore the mere fact that this tract of land to the southeast of section 1671 corners in the same point with the corners of the three sections belonging to Vergara or claimed by him, does not justify the holding that it occupies any extent in space on section 1671. Therefore it should still be held that section 1671 is entirely surrounded by the Vergara lands.

Because we think that article 5677, which was admittedly not complied with by Vergara, precludes his recovery of section 1671, we recommend that the judgments of the district court and Court of Civil Appeals be affirmed, and, in view of this recommendation, it is unnecessary to determine whether or not article 5678, if applicable to the case at bar, would also justify an affirmance of the judgments of the lower courts.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.