# SECOND DISTRICT, 1896.

A. P. GREEN ET AL. v. BENNIE BOON ET AL.

Delivered September 18, 1896.

**Limitation of Ten Years—Possession by Enclosure.**
  The Act of 1891, p. 76 (Rev. Stats. 1895, art. 3345), providing, in effect, that fencing a tract of land belonging to another into a general enclosure along with other lands surrounding such tract shall not constitute adverse possession, unless at least one-tenth of such tract be cultivated, applies only where such tract is entirely surrounded by lands owned, claimed or fenced by the party asserting title by limitation to such tract.

APPEAL from Hood. Tried below before Hon. J. S. STRAUGHAN.

*N. L. Cooper,* for appellants.

*Estes & Keith,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Appellees, the admitted owners of the W. R. Prewitt survey in Hood County, sued appellants, the admitted owners of that part of the Thomas Robinson survey which was

adjacent to the Prewitt, to recover as part of the Prewitt the strip of land in controversy. Appellants having had the actual possession of this strip (off the northwest side of the Prewitt), claiming it as a part of the Robinson, for ten years or more, interposed, among other defenses, that of limitation founded upon such adverse possession. It was agreed on the trial below that "the question at issue is one of boundary and limitation."

The charge of court submitted the defense of limitation to the jury, but it was qualified by the following special charge given at the instance of appellees: "A tract of land owned by one person and surrounded by a tract or tracts owned, claimed or fenced by another, shall not be considered enclosed by a fence enclosing the circumscribing tract or tracts, or any part thereof; nor shall the possession by the owner or claimant of such circumscribing land, of such interior tract be the peaceable and adverse possession contemplated by law and as given you in charge in this case, unless the same be segregated and separated from the circumscribing land by a fence, or unless at least one-tenth thereof be cultivated and used for agricultural purposes."

The error assigned to this charge upon the ground that it was not applicable to the facts must be sustained. It is evident that the instruction was requested and granted in pursuance of article 3195a, Sayles' Statutes, enacted in 1891 (Acts of 1891, p. 76); and it is equally evident, we think, that that article has no application to a case like this, where the land owned by one person is merely adjacent to and not surrounded by that claimed and fenced by another. The act referred to is in terms limited to cases in which the tract of land owned by one person to which another claims title by limitation is "entirely surrrounded" by a tract or tracts owned, claimed or fenced by the latter.

Appellants did not own or claim and had not fenced any land "surrounding" or beyond that in controversy on the side where the Prewitt survey lay, but the fence on that side had been built by appellees' grantor upon what was then supposed to be the boundary between the Prewitt and Robinson surveys, and appellants had by joining to this fence, in fencing the Robinson survey, enclosed the land in dispute. The fact that their pasture thus formed contained a thousand acres on the opposite side was of no consequence. The act does not in terms apply to a case like this, nor was it intended to so apply. It was provoked by conditions wholly different from anything found in this record.

Not being able to agree with appellees that under the facts of this case the charge so prepared by their counsel and given at their request was immaterial and harmless, we must reverse the judgment and remand the cause for a new trial.

*Reversed and remanded.*