KENDRICK v. POLK et al. (No. 600.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 4, 1920. Rehearing Denied Dec. 1, 1920.)

1. Adverse possession ⊜⇒19—Statute providing tract shall not be considered fenced by fence about circumscribing tracts without application, where land is not surrounded by other's.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5677, providing a tract owned by one person entirely surrounded by a tract or tracts owned, claimed, or fenced by another shall not be considered inclosed by a fence inclosing the circumscribed tract or tracts, is without application, when the land owned by the person is merely adjacent to and not surrounded by that claimed and fenced by another.

2. Trial ⊜⇒215 — Requested charge, supplementing special issue as to adverse possession, should have been given.

In trespass to try title wherein defendants' only claim was by limitation, where a special issue submitted such claim, but in order to complete the period of 10 years defendants had to rely in part on the possession of a defendant's former husband, who plaintiff claims gave the land to the mother of his grantors, plaintiffs' requested charge that if such former husband of a defendant purchased the land and gave it to the mother of plaintiff's grantors, before he could hold adversely to those holding under her, there would have to be some act on his part repudiating her claim, should have been given.

3. Adverse possession ⊜⇒64—Donor could not hold adversely to donee's successors without repudiating her claim.

If the former husband of defendant gave the land to the mother of plaintiff's grantors, and placed her in possession, before he could hold adversely to those holding under her there would have to be some act on his part repudiating her claim.

4. Appeal and error ⊜⇒1068(5) — Refusal of requested charge as to adverse possession cured by negative verdict.

In trespass to try title, error in the refusal to plaintiff of his requested charge that if a defendant's former husband had given the land to the mother of plaintiff's grantors he could not hold adversely to her successors without some act repudiating her claim held cured by the jury's negative verdict on the issue whether the mother of plaintiff's grantors held and claimed the land for 10 years as her own property.

5. Injunction ⊜⇒122—Petition sufficiently verified when jurat shows it was sworn to before officer.

Petition for injunction is sufficiently verified when signed by the petitioner, and the jurat of the officer shows it was sworn to and subscribed before him.

6. Judgment ⊜⇒199(1)—In case of special verdict, court cannot ignore it and render judgment notwithstanding.

When a special verdict has been rendered which entitles one of the litigants to judgment,

the trial court has but two alternatives, either to set aside the verdict and to grant new trial, or to render judgment upon and in conformity with it; and it is error for the court to ignore special verdict on an issue erroneously submitted, and to award the party found against judgment non obstante veredicto.

7. Appeal and error ⊜⇒1153—Appellees, who moved for judgment on verdict in disregard of special findings, cannot question court's authority to enter proper judgment.

Where appellees filed motion to enter judgment in their favor on the jury's verdict, disregarding certain findings on issues erroneously submitted, and refused to move for new trial, they cannot on appeal question the authority of appellate court to enter judgment in favor of appellants in accordance with the findings on such issues that the trial court should have entered.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Suit by William Kendrick against Chaney Polk and others. From a judgment for defendants, plaintiff appeals. Judgment entered in plaintiff's favor for a specified amount on the issue of improvements in good faith on the land involved, otherwise affirmed.

S. M. Adams, of Nacogdoches, for appellant.

V. E. Middlebrook, of Nacogdoches, for appellees.

WALKER, J. This was a suit in trespass to try title involving five acres of land of the probable value of $50. Both parties pleaded the 10-year statute of limitation. This issue, together with the plea of improvements in good faith by appellees, was all that was submitted to the jury. The jury found in favor of appellees on the limitation issue, and assessed the value of the improvements made by appellant at $18.30.

[1] The land in controversy was not entirely surrounded by the other lands claimed by appellees, though all the land of appellees, including this five acres, was under one fence, and had been so fenced for about 30 years or more. As we understand the location of this five acres, it lies to the west of appellees' other land, and the fence lies on the west side of this five acres. It follows that the trial court committed no error in refusing, at the request of appellant, to charge the jury under article 5677, Vernon's Sayles' Texas Civil Statutes, 1914, which is as follows:

"A tract of land owned by one person, entirely surrounded by a tract or tracts owned, claimed or fenced by another, shall not be considered enclosed by a fence inclosing the circumscribing tract or tracts, or any part thereof; nor shall the possession by the owner or claimant of such circumscribing land of such interior tract be the peaceable and adverse possession

contemplated by article 5675, unless the same be segregated and separated from the circumscribing land by a fence, or unless at least one-tenth thereof be cultivated and used for agricultural tract purposes, or used for manufacturing purposes."

—because, as said by the note under this article:

"This article has no application when the land owned by the person is merely adjacent to, and not surrounded by that claimed and fenced by another." Green v. Boone, 14 Tex. Civ. App. 307, 37 S. W. 187; Cunningham v. Mathews, 57 S. W. 1115; Daughtrey v. N. Y. & T. Land Co., 61 S. W. 947.

It was the contention of the appellant that the land in controversy had been given by March Coleman, former husband of appellee, Chaney Polk, to Leecy Edmonds, the mother of appellant's grantors, and under an occupancy of about 23 or more years, that she had perfected a title by limitation. This theory of the case was strongly supported by testimony, and Leecy Edmonds' children testified that March Coleman, during his lifetime, had always recognized the land as belonging to them; that he had placed improvements thereon with their consent, and held and cultivated it under their claim. March Coleman had been dead less than 10 years when this suit was filed. Appellees have no title except by limitation.

[2, 3] Special issue No. 2 submitted to the jury appellees' claim to 10-year limitation. In order to complete a period of 10 years, they had to rely in part on the possession of March Coleman. In connection with this issue, appellant requested this charge:

"You are charged further in connection and to be considered by you in considering the charge given to you, the following: That if March Coleman purchased the land in question from G. W. Matthews, and gave the same to Leecy Edmonds, and placed herein possession of the same, then, before he could hold adversely to those holding under Leecy Edmonds, there would have to be some act on the part of the said March Coleman repudiating the claim of Leecy Edmonds, before the statute of limitation would begin to run against the heirs of Leecy Edmonds, and if you should find that there was nothing done by March Coleman to put those holding under Leecy Edmonds on notice, you will answer special issue No. 2 No; otherwise answer the same Yes."

[4] Clearly at the time this charge was submitted to the court, as applied to the record before the court, it embodied a correct legal proposition, and should have been given. But the first issue was as follows:

"Did the woman, Leecy Edmonds, hold and claim the five acres of land described in this suit for 10 years continuously, visibly claiming and using the same as her own property?"

The jury answered No. From this answer, it necessarily follows that March Cole-

man did not give the land to Leecy Edmonds, and that she did not acquire title to it by limitation. As that was the only title asserted in her favor, the error in refusing to charge the jury as requested was cured by the verdict of the jury.

[5] A petition for injunction is sufficiently verified when it is signed by the petitioner, and the jurat of the officer shows that it was sworn to and subscribed before him. Chancy v. Allison, 48 Tex. Civ. App. 441, 107 S. W. 605.

[6] Appellees moved the court to enter judgment in their favor for the land on the jury's verdict, and that—

"The court disregard the findings of the jury on issues Nos. 3 and 4, because said issues were erroneously and illegally submitted to the jury in this cause, because the undisputed facts showed that the pretended improvements were made after this suit was filed, and they show also that the defendant had not been claiming the land, nor in any sort of possession of it for the statutory required time before such improvements were made."

Issue No. 3 submitted to the jury the question of improvements in good faith, which the jury answered in favor of appellant. In answering issue No. 4, they fixed the value of the improvements at $18.30. Notwithstanding this verdict of the jury, the motion of appellees was granted, and on this issue the court decreed:

"The court is also of the opinion that error was committed in submitting to the jury special issues Nos. 3 and 4, the undisputed evidence showing that the defendant Kendrick had placed no improvement on this land prior to the filing of this suit, and the undisputed evidence also showing that the defendant, Kendrick, had laid no claim or been in any sort of possession nor those under whom he claimed for the statutory time of 1 year before putting any improvements on the land, it was error for the court to have submitted issues Nos. 3 and 4 to the jury, and therefore the answer of the jury to these issues are disregarded by the court, and it is the opinion of the court that the defendant, William Kendrick, under the undisputed facts of this case, should take nothing by virtue of his plea for valuable improvements; and it is so ordered, adjudged and decreed."

The granting of this motion was error. When a special verdict is returned in favor of a litigant, the duty of the trial court in relation thereto is thus stated in Scott v. Bank, 66 S. W. 485:

"It seems quite clear that when a special verdict has been returned, which entitles one of the litigants to a judgment, there are but two alternatives for the trial court. One is to set aside the verdict, and grant a new trial, and the other is to render judgment upon and in conformity with the verdict."

If error was committed in submitting this issue to the jury, then it was the duty of the court to grant appellees a new trial.

They were not entitled to a judgment non obstante veredicto. This rule is clearly announced in Claiboune v. Tanner, 18 Tex. 78:

"There can be no clearer principle than that, where a jury has intervened and all the issues have been submitted to their decision, their verdict must constitute the basis of the judgment. The court cannot look to the evidence on which the verdict was found, in order to determine what judgment to render, but must look alone to the verdict. · For it is upon that which the jury have found—not what they might, or ought to have found—that the court proceeds to render judgment. The judgment is the conclusion of law upon the facts of the case, as found by the verdict of the jury. If the court might look to the evidence, outside of the finding of the jury, for the facts on which to give judgment, the verdict might be wholly disregarded, and the right of trial by jury defeated."

See, also, Kirkland v. Matthews, 162 S. W. 376; Benton v. Jones, 220 S. W. 193; Insurance Co. v. Burwick, 193 S. W. 167.

[7] On this verdict of the jury, appellant was entitled to a judgment for $18.30. Because of the motion filed by appellees, and because they refused to move for a new trial, they cannot now question our authority to enter the judgment here in favor of appellants that the trial court should have entered. It is accordingly ordered that the judgment against appellant on the issue of improvements in good faith be set aside, and judgment be here entered in his favor for the sum of $18.30.

As no other errors appear in this record, the judgment of the trial court is in all other respects affirmed. The costs of this appeal will be taxed against appellees.