## DIDIER et al. v. WOODWARD. (No. 1783.)

(Court of Civil Appeals of Texas. Amarillo.
June 8, 1921. Rehearing Denied
June 22, 1921.)

1. **Trial ⊜233(1)—Statement of issues made by pleadings rarely appropriate in submitting case upon special issues.**

When a case is submitted upon a general charge, it is proper for the trial judge to state the issues made by the pleadings; but such a statement is rarely ever necessary or appropriate in submitting a case upon special issues.

2. **Appeal and error ⊜1064(1)—Statement of issues made by pleadings held not reversible error.**

In a partition suit, in which defendant claimed title by adverse possession, the action of the court in stating in detail the issues made by the pleadings, though the case was submitted to the jury on special issues, *held* not reversible error.

3. **Adverse possession ⊜57—Evidence held insufficient to prove continuity of possession.**

Evidence that defendant, who claimed to have acquired title by adverse possession under the 10-year statute, but who had not herself occupied the land, had leased the property during all except 2 of the 10 years, without proof that she had a tenant in possession during such 2 years, *held* insufficient to establish title by adverse possession.

4. **Adverse possession ⊜19—Statute as to land surrounded by other lands held inapplicable.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 5677, providing that a tract of land owned by one person, entirely surrounded by a tract

owned, claimed, or fenced by another, shall not be considered inclosed by a fence inclosing the circumscribing tract or tracts, or any part thereof, nor shall the possession by the owner or claimant of such circumscribed land of such interior tract be in peaceful or adverse possession contemplated by the 10-year statute of limitations, unless it is segregated and separated from the circumscribing land by a fence, or unless at least one-tenth thereof be cultivated and used for agricultural purposes or for manufacturing purposes, *held* inapplicable, where one section, with a pasture fence built practically along one line thereof, was included in a pasture with four or five other sections.

**5. Adverse possession ☞107—Claimant of section inclosed with other sections in pasture could recover title to entire section.**

Where a section, together with four or five other sections, constituted a pasture inclosed by a pasture fence, and where the amount of land included therein did not exceed 5,000 acres, claimant, in obtaining title by adverse possession, was not limited to 160 acres, but was entitled, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5676, if at all, to title to the entire section.

**6. Adverse possession ☞19—Inclosure of land by claimant's tenants inures to benefit of claimant.**

Inclosure of land by claimant's tenants inures to the benefit of the claimant.

**7. Limitation of actions ☞187—That owners had reached majority less than 10 years before commencement of suit, to be available against defendant claiming title by limitation under 10-year statute, should have been specially pleaded.**

In partition suit, in which defendant claimed title to the entire tract by adverse possession under the 10-year statute, the fact that plaintiff had acquired title of owners who had reached their majority less than 10 years before the filing of the suit, to be available to defeat defendant's title by adverse possession, should have been specially pleaded; such matter being in the nature of an exception to the title by limitations pleaded by the defendant.

**8. Partition ☞95—Judgment for defendant, claiming entire tract, final.**

In a partition suit, in which defendant claimed title to the entire tract, judgment for him was final, though there was no partition, since under such judgment there was nothing to partition.

Appeal from District Court, Lynn County; W. R. Spencer, Judge.

Suit by J. J. Didier against Mrs. Louise Didier McDonald Woodward, and her husband, who instituted a cross-action against plaintiff, and made certain heirs parties thereto. Judgment for named defendant, and plaintiff and others appeal. Reversed and remanded.

J. E. Garland, of Lamesa, for appellants. G. E. Lockhart and C. H. Cain, both of Tahoka, and Gordon B. McGuire, of Lamesa, for appellee.

HALL, J. Originally this was a partition suit, filed by appellant against Mrs. Woodward, claiming three-sevenths of a certain section of land described in his petition, and alleging that the remaining four-sevenths belonged to Mrs. Woodward. The appellee joined by her husband, answered, denying that appellant owned any interest in the land, and by way of cross-action sued all the heirs of Henry Didier, deceased, for the entire section, pleading the 10-year statute of limitations. The appellant replied to appellee's cross-action, amending his petition, and asserted ownership of a seven-sixteenth undivided interest in the land, in lieu of the three-seventh interest claimed in his original petition; denied generally the allegations contained in appellee's cross-action; denied that appellee had title under the 10-year statute of limitations; pleaded not guilty to the charge in trespass to try title; and prayed that the section of land be partitioned, that the court appoint a guardian ad litem for two minor defendants, John McKenry and Ellen Scheing, and for judgment against all defendants. By an amended answer appellee set up the further fact that Henry Didier, her deceased husband, had given her the half interest in the land in controversy prior to his death in 1902, and that all of the defendants were cognizant of such gift, and had been at all times since his decease. Appellant replied to this pleading by general exception and general denial.

The court appointed counsel for all of the defendants cited by publication, and submitted two special issues to the jury. The first was whether Henry Didier had given his interest in the land in controversy to appellee, and the second presented the issue of limitations. The jury failed to answer the first issue, and answered in appellee's favor as to the statute of limitations. Upon this answer the court decreed title to the entire tract of land in appellee. It appears that the section of land in question was at one time owned jointly by appellee and her brother, Henry F. Didier, who died intestate in the year 1902. At the time of his death he had never been married, and left as his heirs eight brothers and sisters, or their descendants, who were made defendants by appellee's cross-action. Appellant bases his claim to an undivided seven-sixteenths of the land in controversy upon a conveyance to him from all of the aforesaid heirs, except appellee. He concedes that appellee inherited a one-eighth interest in her brother's half interest in the land, and claims that he also inherited one-eighth of said half interest.

[1, 2] The first assignment of error attacks the charge of the court upon the ground that he stated in detail the issues made by the pleadings. The particular objection urged to this part of the court's charge is that quot-

---

ing the pleadings of the appellee, in which she alleges that her brother, Henry Didier, gave her his interest in the land, was unnecessary, and was harmful, in that it gave undue prominence and emphasis to that fact alleged by appellee. When a case is submitted upon general charge, it is proper for the trial judge to state the issues made by the pleadings; but such a statement is rarely ever necessary or appropriate in submitting a case upon special issues. The error, if any, in so doing in this case, we think does not amount to a reversible one.

[3] Appellant insists, under the second assignment of error, that the court erred in submitting to the jury a question of the 10-year statute of limitations, for the reason that there was no evidence to authorize its submission. This assignment must be sustained. To be more specific, we think the evidence fails to show adverse possession for an unbroken period of 10 years. It appears from the testimony of L. E. Bingham that his father had the property known as the Bingham ranch, and in which the land in question was included, leased from 1907 to 1910. While the testimony is neither positive nor clear, it may be reasonably inferred that A. L. Lockwood was in possession under a lease from appellee from 1912 to 1915. Then it seems that upon the expiration of his lease J. B. Reese leased the property, holding it until 1920. But there is no testimony going to show that it was occupied during the period from the 15th day of May, 1910, when Bingham's lease expired, to 1912, when Lockwood went into possession. Under the record in this case, continued possession of the land is a material fact. It is true that appellee testifies in a general way that, after her brother gave her the land, she went into possession of it, and had held possession ever since. Upon cross-examination, however, she admitted that she had never occupied the land in person, and had only visited it on one occasion. She exhibited a written lease, executed by Bingham and her first husband, W. F. McDonald, which expired May 15, 1910, and a second instrument, leasing the land to Reese from April 20, 1915, to April 20, 1920. No written lease was shown in virtue of which Lockwood held the land, and it is with considerable doubt as to the exact dates that he states he kept the place from 1912 to 1915. If there was a tenant in possession from 1910 to 1912, we think the fact is susceptible of proof with some degree of certainty, and to hold that it was so occupied under the record before us would be merely a conjecture, unsupported by the positive testimony of any witness.

[4] It appears that the land was included in a pasture with four or five other sections, and that the pasture fence was built practically along one line of this section. For this reason, article 5677, V. S. C. S., does not ap-

ply. Green v. Boon, 14 Tex. Civ. App. 307, 37 S. W. 187; Daughtrey v. New York & Texas Land Co., 61 S. W. 947.

[5] Article 5676, V. S. C. S., provides that:

"The peaceable and adverse possession contemplated in the preceding article, as against the person having right of action, shall be construed to embrace not more than 160 acres, including the improvements or the number of acres actually inclosed, should the same exceed 160 acres."

The whole of the section was within the inclosure, and the amount of land included therein did not exceed 5,000 acres. Therefore, under the above-quoted article, appellee would be entitled to recover, if at all, the entire section, and could not be limited to 160 acres only. Until the tenant Reese went into possession, no part of the land was ever in cultivation, but, as hereinbefore stated, was part of what was known as the Bingham pasture. It has been frequently held in this state that land used for grazing live stock is such occupancy and use as will support the statute of limitations.

[6] The court did not err in refusing special issue No. 4, which was as follows:

"Was the fence inclosing the land in controversy erected or caused to be erected by the defendant, Mrs. Louise Woodward?"

The evidence shows that the fence was originally built by the lessee, Bingham, for his own benefit, and that the subsequent improvements were placed thereon by Reese, all with the understanding that, if appellee wanted to retain such improvements, she would pay for them; otherwise, the tenants would be at liberty to remove them. The acts of the tenants in inclosing the land would inure, under such circumstances, to the benefit of the appellee; it appearing that the fences have never been removed.

[7] Under the eighth assignment, appellant insists that the judgment of the court is erroneous, in so far as it vests in appellee the title and interest of two minors, Clarence and Lester Didier, since it is shown that appellant acquired the title of said minors in the year 1919; they having reached their majority less than 10 years before the filing of the suit. This matter would be in the nature of an exception to the title by limitations pleaded by appellee, and in our opinion, to be available to appellant, should have been specially pleaded. This is an error, however, which may be easily avoided, upon another trial by proper pleading. Childress v. Grim, 57 Tex. 59; Hughes v. Lane, 25 Tex. 356.

[8] Since, under the verdict, the entire section was decreed to appellee, there was nothing to partition, and the failure to grant that relief prayed for does not prevent the judgment from being final.

Because the evidence is insufficient to show continuous adverse possession for 10 years, the judgment is reversed, and the cause remanded.