**CROW v. PAYNE.**

No. 6134.

Court of Civil Appeals of Texas. Amarillo.

April 30, 1951.

Rehearing Denied June 18, 1951.

McWhorter, Howard, Cobb & Gibson, Lubbock, for appellant.

Nelson & McCleskey, Lubbock, for appellee.

LUMPKIN, Justice.

On April 5, 1949, the appellant, J. V. Crow, filed this boundary line dispute against the appellee, J. M. Payne, in the form of a trespass to try title suit. Both parties pleaded title to the property under the three, ten and twenty-five year statutes of limitations. Vernon's Ann.Civ.St. arts. 5507, 5510, 5519. By a supplemental petition the appellant especially denied the limitation title pleaded by the appellee, insisting that the appellee was estopped to

claim a limitation title because he had rented the property in dispute from the appellant. The land involved is a 30 x 1257 foot strip running north and south and situated immediately east of the land admittedly owned by the appellant and immediately west of the land admittedly owned by the appellee.

The court submitted two special issues to a jury. In answer to the first special issue the jury determined that the appellant and his predecessors in title had not held exclusive, peaceful and adverse possession to the property, "cultivating, using or enjoying the same for any period of ten years or longer prior to January 1, 1949." In response to the second special issue the jury found that the appellant had not rented the property to the appellee for either the years 1947 or 1948. On this verdict the court rendered judgment vesting title to the land in the appellee, and from this judgment the appellant has duly perfected his appeal.

From the manner in which the case was tried, as well as from the appellant's brief, it is apparent that he relies upon the perfection of a limitation title under the ten-year statute of limitation, Article 5510, Vernon's Annotated Civil Statutes, which provides: "Any person who has the right of action for the recovery of lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward. * * *"

In the case of Foster v. Persinger, Tex. Civ.App., 30 S.W.2d 378, 380, writ ref., the court said: "In order to acquire title by limitation under the ten-year statute * * a claimant must prove by a preponderance of the evidence (1) possession of the land, (2) cultivation, use, or enjoyment thereof, and (3) an adverse or hostile claim thereto."

Our courts have held that the owner's cause of action is deemed to have accrued, and the statute of limitation commenced to run, at the time when the adverse claimant entered upon the land. Hickman v. Ferguson, Tex.Civ.App., 164 S.W. 1085, writ ref. And our courts have further held that the burden of proof in such cases rests upon the claimant. Moore v. Wooten, Tex.Com.App., 280 S.W. 742, 748; Bonner v. Pearson, Tex.Civ.App., 7 S.W.2d 930, 933; Bemrod v. Wright, Tex. Civ.App., 273 S.W. 938; Brown v. Fisher, Tex.Civ.App., 193 S.W. 357. In this connection the court said in the case of Thomas v. Ash, Tex.Civ.App., 199 S.W. 670, 673: "We understand the rule in this state to be that no presumptions are indulged in favor of a claimant of land seeking to acquire title by limitation, but that the burden is upon such claimant to prove every necessary or essential fact, in connection with his possession and claim, which go to make up or give title by limitation."

In our opinion the appellant has failed to show any consecutive ten year period during which he or his predecessor in title, or both of them together, held the disputed tract of land adversely to the appellee.

As we understand the record, the 30-foot strip of land had a fence running north and south along its eastern edge, and from time to time has had a fence, or at least a part of a fence, running north and south along its western boundary. The eastern fence was removed by the appellee approximately one year before this suit was filed.

On January 23, 1941, the appellant purchased from Maudie L. Musgrove the property now admittedly owned by him. Soon thereafter he agreed with the appellee to have the boundary line surveyed and to build a fence between their respective properties in accordance with the survey. Because of this agreement the jury was justified in finding that the appellant did not hold any of the disputed land adversely to the appellee after January 23, 1941; and, therefore, it follows that if the appellant is to perfect a limitation title, it must be prior to the date of appellant's purchase. He does contend that Mrs. Musgrove, his immediate predecessor in title, held con-

tinuous adverse possession of the 30-foot strip for ten years prior to his purchase.

On October 1, 1929, Mrs. Musgrove purchased the place now admittedly. owned by the appellant. She stated that at the time of the purchase she understood that the east fence marked her east boundary line. In 1931 she and her husband moved on the property and used the strip of land west of the east fence from that time until January 23, 1941, the date the appellant purchased the property. She testified that she used the 30-foot strip of land for a garden, stack lots, and a corral. The record, however, does not show what part of the year 1931 Mrs. Musgrove moved on the property and started using the 30-foot strip. Part of the burden resting on the appellant is to show the date when the ten-year statute of limitation began to run. In order for the appellant to perfect a limitation title under Mrs. Musgrove's testimony, he must show that she moved on the property and began to use and enjoy the 30-foot strip prior to January 23, 1931, ten years before she sold her property to him. Mrs. Musgrove's testimony fails to establish the date when the statute commenced to run. Such evidence is one of the necessary elements of proof to acquire title by limitation under the ten-year statute. Since the appellant failed to make this proof, the jury was not guilty of misconduct, as charged by the appellant, in finding that the appellant's predecessors in title have not held exclusive, peaceable and adverse possession of the strip of land.

Moreover, the record reveals another reason why the jury did not err in returning the verdict it did. The record contains testimony which contradicts that given by Mrs. Musgrove. It comes from the appellee and members of his family. They stated, in substance, that when the appellee moved on his place in 1937 there were two fences, one on each side of the 30-foot strip and that this strip of land was not held, used or cultivated by anyone. The testimony of Sylvan Sanders, a surveyor, corroborates to some extent the testimony given by these witnesses. He fixes the southwest corner of appellee's property at a point which coincides with the south end of the west line of the 30-foot strip. He stated that some ten or twelve years ago a fence ran north from this point.

Our courts have often held that in passing on the sufficiency of evidence to sustain a jury finding, we must review the evidence in the light most favorable to the finding. Stovall v. Whatley, Tex.Civ.App., 183 S.W.2d 672; Thompson v. Clement et ux., Tex.Civ.App., 202 S.W.2d 341, writ ref., n. r. e. Therefore, viewing the evidence, as we must, from the appellee's point of view, the 30-foot strip of land was not being held, cultivated or used by Mrs. Musgrove, the appellant's predecessor in title, adversely to the rights of anyone, and the jury did not err in returning a verdict finding that the appellant and his predecessors in title had not held adverse possession to the land in question for a period of ten years. In our opinion this finding by the jury is supported by evidence of probative force.

We have carefully considered the record in this case. We find no reversible error. Therefore, all of the appellant's points of error are overruled, and we affirm the judgment of the court below.