H. H. BOROUGHS et al., Appellants,

v.

O. O. WILLIAMSON, Appellee.

No. 5365.

Court of Civil Appeals of Texas.

El Paso.

Dec. 16, 1959.

Rehearing Denied Jan. 6, 1960.

See, also, 312 S.W.2d 717.

Stubbeman, McRae, Sealy & Laughlin, Perry D. Davis, Jr., Midland, Scarborough, Black & Tarpley, James K. Graham, Abilene, for appellants.

Hill D. Hudson, Pecos, for appellee.

ABBOTT, Justice.

This was an action by appellee against appellants, who were the principal and sureties on a contestee's bond in an election contest. A prior lawsuit in the form of an election contest for the office of County Commissioner of Ward County, Texas was filed by appellee. After the filing of the election contest, appellant H. H. Boroughs elected to remain in office and executed a contestee's bond, as required by law, as principal, and other appellants executed the bond as sureties. The appellee successfully contested said election. Thereafter, appellee brought this suit in this cause on the contestee's bond to recover the salaries, fees and emoluments of the office accrued during the period from January 1, 1957 to July 16, 1958. This case was tried before a jury, but was declared a mistrial when the jury failed to agree upon the answers to the special issues submitted to them.

A few days after the mistrial was declared, appellee filed his motion for summary judgment, and, after notice and hearing, said summary judgment was granted; and from that judgment appellants have perfected their appeal, bringing three points of error:

## "Point One

"The trial court erred in granting the motion for summary judgment because appellee's motion was insufficient to show the absence of fact questions raised by the pleadings.

## "Point Two

"The trial court erred in granting the motion for summary judgment because such judgment was based upon testimony and an exhibit erroneously admitted into evidence at the hearing on the motion for summary judgment.

## "Point Three

"The trial court erred in granting the motion for summary judgment because the evidence introduced at the hearing on the motion for summary judgment raised fact questions for consideration by the jury."

Appellant contends that the questions of salaries, fees and emoluments recoverable by appellant is a fact issue, and that summary judgment was improper, particularly as to the question of reasonable expense incurred in the execution of the duties in office. Appellee alleges that appellant had received $9,856.50 in the form of salaries and emoluments, and prayed for recovery of such amount; or, in the alternative, a recovery of $8,917.68, which represents the total salaries and emoluments, less car expenses, paid to appellant. Appellant contended the expenses to which he was entitled included $461.18 automobile expense (in addition to the $938.82 allowance made by the County); $237 in meals necessary to the job; and $82 in repairs to his personal car used on the job, to

which expenses he testified in the suit ending in a mistrial.

The appellee, in his motion for summary judgment, set out the above expenses, and they were sworn to by appellee's attorney. The appellant complains that the motion for summary judgment was insufficient to show the absence of fact questions raised by the pleadings; that the testimony and exhibits of the previous trial were erroneously admitted into evidence at the hearing for summary judgment; and that the evidence introduced at the hearing for summary judgment raised fact issues.

We believe that appellee's motion for summary judgment was sufficient. Appellee's attorney filed the motion and swore to the contents, stating that he "was cognizant of the matters and things set forth in said motion"; and, further, "that all matters and things contained in the said motion are true and correct." Further, the motion referred to the record in cause No. 9098 in the same court (the previous trial). It has been said that, to authorize the rendition of a summary judgment, the supporting affidavit must consist of statements of fact which affiant knows and is able to substantiate and prove on the trial of the case. Aydelotte v. Anderson, 280 S.W.2d 945 (Tex.Civ.App.1955).

The record in the previous trial was admissible in the motion for summary judgment. The court may take into account admissions in whatever form they may appear, including evidence developed on a separate trial of an issue or claim of action. 4 McDonald, Tex.Civ.Practice, 17.26 at p. 1393; Fletcher v. Bryan, 4 Cir., 1949, 175 F.2d 716; McKay v. Dunlap, Tex.Civ.App., 244 S.W.2d 278 (n. r. e.).

Appellant cites to us Guerrero v. American-Hawaiian Steamship Co., 9 Cir., 222 F.2d 238, in which the court granting the summary judgment admitted in the record that he was deciding a fact issue. (See 4 McDonald's Tex.Civ.Prac., 17.25.5). The present case is a different problem. The fact issue insisted upon by appellant is a question of "reasonable expenses" in a contestee's bond. We believe that the question of "reasonable expenses" in the fact situation before us is a question of law.

Vernon's Annotated Texas Civil Statutes, Article 9.19 of the Election Code, in part says:

"* * * and the measure of damages recoverable, besides costs of suit, shall be the salary, fees, and emoluments of office of which he has been deprived, less such reasonable expenses as the party holding the office shall have incurred in executing the duties of office; provided that he shall have acted in good faith in receiving the certificate of election or commission for the office."

The requirements of Article 9.09 of the Election Code, referring to the contestee's bond, state the bond shall be "not less than double the probable amount of salary or fees or both, as the case might be, to be realized from the office being contested for a period of two (2) years * * *" While not mentioned by either appellee or appellant, we think it might be well to consider Article 2350, Vernon's Ann.Tex. Civ.St. We believe that the Legislature intended to outline the salary and fees of office that a county commissioner could receive; and we find listed, salary, traveling expenses and automobile depreciation. The trial court in the present case considered those "reasonable expenses" to be a matter of law, and not a fact question, and we believe correctly so. The term "emoluments" has been defined in many different forms, depending upon the fact situation as found in 14 Words and Phrases, Emoluments, page 484, and other than those outlined above, we can conceive of no further emoluments, fees or salaries to which a county commissioner of Ward County, Texas would be entitled under Article 2350, V.A.T.S.

Appellant raises one other point—that is, whether or not appellee was acting in good

faith in assuming the office. Since the record of the previous trial is admissible, and a stipulation by the parties as to appellee's good faith was contained therein, we need not pass on this question.

Having overruled appellants' points of error, we affirm the decision of the trial court.