Robert W. YATES, Appellant,

v.

John H. HOGSTROM, Appellee.

No. 233.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

June 18, 1969.

Rehearing Denied July 30, 1969.

Phillip L. Cyphers, Pasadena, for appellant.

James T. Mullins, Houston, for appellee.

BARRON, Justice.

This is a trespass to try title action filed by John H. Hogstrom against Robert W.

Yates for title and possession of approximately 30 feet of land lying between Lots 32 and 33 of Houston Suburban Estates in Harris County, Texas. A fence line was built in 1945 or prior thereto which allegedly established the boundary lines of the above two lots. John H. Hogstrom's predecessor in title, Ybarra, had purchased Lot 32 on October 19, 1945. The involved tract was fenced. Ybarra had been using the disputed strip of land and had conveyed a portion of the 30 foot strip to the Harris County Flood Control District on June 10, 1947. There is evidence in the record showing that Ybarra had claimed the strip of land, and had been using the land to the fence line exclusively and openly since he purchased it in 1945. On October 5, 1961, Ybarra conveyed title to Lot 32 to Hogstrom, the appellee, and at the same time, quit claimed as to the disputed strip of land. There is evidence to show that the record title to the 30 foot strip was, according to the surveyors, a part of Lot 33, and that this was unknown to Ybarra and his wife until shortly before he sold the land to Hogstrom in 1961.

Yates, the appellant, filed plea of not guilty and a general denial, and he also filed a cross-action in trespass to try title seeking to establish his record title to all of Lot 33, which includes the 30 foot strip of land in controversy. Hogstrom pleaded the three, five, ten and twenty-five year statutes of limitations. At the conclusion of the testimony, the trial court entered judgment for title and possession to Hogstrom and disallowed damages. By reason of an error in calculating distances in the original judgment, the trial court entered judgment nunc pro tunc on October 30, 1968 in favor of Hogstrom. Yates has perfected his appeal from the judgment of the trial court.

Appellee first contends that appellant's first four points of error dealing with the statutes of limitations should not be considered by this Court, because the points were not raised or assigned in appellant's motion for new trial filed in the trial court, even though the case was tried by the court without a jury. A motion for new trial is not required in a non-jury case as a prerequisite to appeal, and the filing of such motion by appellant does not limit him to the errors assigned therein. We overrule such contention. Boswell v. Handley, 397 S.W.2d 213 (Tex.Sup.).

Appellee's predecessor in title, Ybarra, testified at the trial that he never had any intention of claiming the property involved. This testimony is contrary to the recitals in his quitclaim deed delivered to appellee at the time of sale in 1961. Appellant contends that such evidence destroys appellee's claim of adverse possession of the strip of land involved, since a hostile, continuous, peaceable and adverse possession by Ybarra is necessary to mature title to the land under the ten year statute of limitations. We overrule appellant's contention. The trial court impliedly found that appellee, partly through Ybarra, had matured title by limitation for the full period of ten years prior to October 31, 1963. The disclaimer by Ybarra in 1968, long after his title by limitation was complete and after he had sold the property to Hogstrom in 1961, does not, as a matter of law, defeat appellee's limitation title. A limitation title once consummated, is as full and absolute as any other perfect title, and it is not lost by a subsequent oral statement or claim by a predecessor in title that he never intended to claim by limitation. There is ample testimony in the record to support the trial court's findings. See Republic National Bank of Dallas v. Stetson, 390 S.W.2d 257, 260 (Tex.Sup.), and cases cited.

Land which is not covered by an adverse possessor's deed, when the essential elements of a limitation title are shown, the fact that the claimant was mistaken as to the supposed right under which he held the land does not defeat his assertion of title by limitation. The true test is whether the claimant by his acts asserted a hostile, continuous, peaceable and adverse possession of the land involved regardless of whether he was mistaken as to the location of the boundary line as shown by the official rec-

ords. This record clearly raises fact issues concerning the adverseness of the claims of Ybarra and Hogstrom, and the trial court found the facts against appellant. We hold that title to the strip of land in controversy is vested in appellee by reason of the ten year statute of limitations. Bruce v. Washington, 80 Tex. 368, 15 S.W. 1104 (Tex. Comm.App.), opinion adopted; Major v. Meyers, 111 S.W.2d 1184, no writ hist.; Bounds v. Taylor, 415 S.W.2d 940, 945 (Tex.Civ.App.), writ ref., n. r. e.; 2 Tex. Jur.2d, Sec. 91, p. 190.

Moreover, a line may be established as a true boundary line of a tract of land by recognition and acquiescence in the line as the true line by all interested parties for a sufficient length of time. The time referred to is a period beyond that required by the statute of limitations for the acquisition of land by adverse possession. Cox v. City & County of Dallas Levee Improvement Dist., 258 S.W.2d 851, 857 (Tex. Civ. App.), writ ref., n. r. e.; Anderson v. Atlantic Oil Producing Co., 83 S.W.2d 418 (Tex.Civ.App.), writ ref.

The judgment of the trial court is affirmed.