G. H. NAGEL et al., Appellants,

v.

O. E. HOPINGARDNER et ux., Appellees.

No. 403.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 10, 1971.

Eugene N. Catlett, Houston, for appellants.

Herbert Finkelstein, Houston, for appellees.

SAM D. JOHNSON, Justice.

Trespass to try title suit. The appellees, O. E. Hopingardner and wife brought suit for title by limitation under the ten-year statute, Art. 5510, Vernon's Ann.Tex.Civ. St. The suit was brought against the record owner of the tract, Gilbert H. Nagel and against Clarence Nagel and Mrs. Pearl Nagel Barrow, appellants. The action involved a five-acre tract located in the

northern part of the City of Houston designated as Lot 69, Aldine Gardens.

This same case was previously tried and submitted to a jury in December, 1969. At such trial the jury was unable to agree and the court declared a mistrial. At the second or instant trial the jury responded affirmatively to the special issue which asked if the appellees " * * * held peaceable and adverse possession of the land here in controversy, cultivating, using, or enjoying the same for any period of ten consecutive years prior to the 1st day of October, 1967." Based on this and other special issue findings, judgment was entered vesting title to Lot No. 69, Aldine Gardens, in the plaintiffs, appellees here. The appellants, defendants in the trial court, duly perfect this appeal.

█ In response to plaintiff's petition defendants pled that the tract in issue did not meet the requirement of Art. 5511, V.A.T.S., in that the land was never segregated or separated from the circumscribing land by fence nor had one-tenth of such tract ever been cultivated and used for agricultural purposes. Defendants' requested special issues on the requirements of Art. 5511 were refused. In this appeal appellants renew their contention that "the trial court erred in its submission of this case to the Jury in ignoring the pleadings and evidence of Appellants to the effect that Lot 69 of Aldine Gardens was never segregated from the circumscribing land by a fence and that one-tenth (1/10th) thereof had never been used for either agricultural or manufacturing purposes." (Appellants' second point of error). Art. 5511, V.A.T.S., provides:

"A tract of land owned by one person, entirely surrounded by a tract or tracts owned, claimed or fenced by another, shall not be considered inclosed by a fence inclosing the circumscribing tract or tracts, or any part thereof; nor shall the possession by the owner or claimant of such circumscribing land of such interior tract be the peaceable and adverse possession contemplated by Article 5510 unless the same be segregated and separated from the circumscribing land by a fence, or unless at least one-tenth thereof be cultivated and used for agricultural purposes, or used for manufacturing purposes."

The record here clearly shows that no single owner owned all the property surrounding the tract in issue, Lot 69, Aldine Gardens. Lot 69 is a rectangular shaped tract of approximately five acres and only on the south is Lot 69 adjacent to the property of the appellee Hopingardner. The eastern edge of the property is a road and the other boundaries are represented by multiple ownerships. Art. 5511, V.A.T.S., has no application to an instance where a claimant's property is merely adjacent to and does not surround the tract of land in issue. Art. 5511 is limited to cases in which the tract of land " * * * owned by one person to which another claims title by limitation is 'entirely surrounded' by a tract or tracts owned, claimed, or fenced by the latter." Green v. Boon, 14 Tex.Civ.App. 307, 37 S.W. 187, 188, (1896), no writ hist.; Kendrick v. Polk, 225 S.W. 826, (Tex.Civ. App.1920), no writ hist.; Vergara v. Kenyon, 249 S.W. 514, (Tex.Civ.App.1923), aff'd 261 S.W. 1009 (Tex.Com.App.1924); Richey v. Miller, 142 Tex. 274, 177 S.W. 2d 255, (1944). The question of whether the appellees met the requirements of Art. 5511 is immaterial because such article is inapplicable to the instant fact situation. Appellants' second point of error is overruled.

█ Appellants' strongest emphasis is placed upon the first point of error which is that "The Trial Court erred in refusing to permit appellants to introduce in evidence contradictory statements and excerpts of the testimony of appellee, O. E. Hopingardner, at a former trial." It is noted that Hopingardner was not merely

a witness but was the principal party to the case and that the "former trial" referred to was the previous submission which resulted in a mistrial in December, 1969. Appellants' position is that Hopingardner gave testimony at the former trial which was contradictory with his present claim of exclusive and adverse ownership and which was an admission against interest. The trial court therefore committed reversible error, contends the appellant, in excluding and prohibiting the introduction of the previous testimony when it was offered in evidence.

During the particular part of the instant trial pertinent to this issue, defendants' attorney was cross-examining the plaintiff Hopingardner and the thrust of the interrogation was whether or not an unqualified and wholly adverse claim to Lot 69, Aldine Gardens, had been made. Hopingardner's response was consistent with an adverse and unqualified claim. Questions were then asked Hopingardner which incorporated particular parts of his previous testimony and he was asked whether or not he made such statements and whether or not they were true. The effect of his response to these questions was that he did not make such answer, or that he did not remember just what his previous response was, or that if such answer was previously made that he did not understand the question. It is apparently conceded that the previous testimony so utilized on cross-examination was excerpted from the official stenographer's transcript of the testimony given at the former trial. After cross-examination in this area was completed appellants' attorney attempted to introduce into evidence the pertinent excerpts to Hopingardner's testimony at the former trial.

Appellants' attorney stated to the Court, "Your Honor, I am now offering in evidence excerpts that I inquired about of the witness Hopingardner that are found in the transcript as follows:" Appellees' attorney objected that the testimony had already been used and the court inquired, "Is this what you have already read on cross-examination?" Appellants' attorney responded, "I haven't put it in evidence, Your Honor. I questioned him about it." It was appellants' position at trial, as here, that he had merely laid a predicate for the introduction of the prior testimony but the trial court nevertheless sustained the objection to its introduction. By a bill of exception which was made at this point the particular excerpts from the former testimony at the previous trial were identified and do appear in the instant record.

The excerpts from the testimony given in the previous trial show that Hopingardner testified to efforts he had exerted, personally and through another attorney, to locate the record owner of the property so that he might obtain title by purchase. He was asked, "You wanted to buy it, then, is that right?" Hopingardner responded, "Yes." Hopingardner was asked if he wanted to find the record owners of the property so that he could purchase the land. He was asked, "By that you meant you wanted to get a deed to it, if you could?" And he responded, "Yes, sir." We believe it to be apparent that testimony of this nature is inconsistent and contradictory with a claim of adverse possession in a suit against the record owner and that its exclusion was reversible error.

Appellants were not limited to one theory on which the prior testimony of Hopingardner was admissible. It was admissible first as a prior inconsistent statement.

" * * * the rule was laid down more than a century ago that before a witness could be impeached by prior inconsistent statements a predicate must first be laid. This consists in asking the witness, on his cross-examination, whether he made the alleged contradictory statement. The witness is thus warned that the statement will later be used against him. He is given an opportunity to deny it and prepare to disprove it, or if he admits making it, to explain the statement. This

rule is recognized in almost all jurisdictions. It was adopted by the Supreme Court of Texas at an early date. * * *" (citing cases)

McCormick & Ray, Texas Law of Evidence, Inconsistent Statements, Sec. 692. Appellants recognized the somewhat rigid enforcement of the predicate requirement for prior inconsistent statements in civil cases, Baker v. Sands, 140 S.W. 520, (Tex.Civ.App.1911), no writ hist.; Acker v. Thompson, 128 S.W.2d 852, (Tex.Civ.App. 1939), rev. agr.; Whitfield v. Traders & General Ins. Co., 136 S.W.2d 626, (Tex. Civ.App.1940), no writ hist., and laid the foundation for the introduction of the prior testimony. It is beyond question that an adverse party may be impeached by prior contradictory statements and the impeaching party " * * * shall have the right to introduce other evidence upon any issue involved in such suit or proceeding without regard to the testimony of such adverse witness. * * *" Rule 182, Texas Rules of Civil Procedure.

■ The prior testimony of Hopingardner was also admissible as an admission against his interest, that is, as a statement made by one of the *parties* to an action which amounts to a prior acknowledgement by him that one of the material facts relevant to the issues is not as he now claims. Hartford Accident & Indemnity Co. v. McCardell, 369 S.W.2d 331, (Tex.Sup.1963). Any statement made by a party at a previous trial " * * * whether in harmony or in conflict with his testimony, and which tended to establish any of the material facts upon which the appellees relied for a recovery, were admissible against him as substantive evidence." Texarkana Gas & Electric Co. v. Lanier, 59 Tex.Civ.App. 198, 126 S.W. 67, 70, (1910), no writ hist. While prior inconsistent statements are received in evidence for the purpose of impeachment and generally require a predicate, admissions are received as affirmative evidence of the truth of facts asserted and require no predicate. Contreras v. San Antonio Traction Co., 83 S.W. 870, (Tex.Civ.App.1904), no writ hist.

"The admissions of a party to the record are always receivable against that party." McCormick & Ray, Texas Law of Evidence, Vol. 2, Sec. 1161; see also Amberson v. Wilkerson, 285 S.W.2d 420, (Tex. Civ.App.1955), no writ hist. Any statement made by a party which is inconsistent with his present position is receivable as an admission, including, of course, evidence in a previous trial. "The court may take into account admissions in whatever form they may appear, including evidence developed on a separate trial of an issue or claim of action." Boroughs v. Williamson, 330 S.W.2d 638, 640, (Tex.Civ.App.1959), no writ hist.

■ It could hardly be argued that the prior testimony was upon a collateral or irrelevant issue. Plaintiffs' entire case was based upon a claim of adverse possession and they had the burden of showing that their possession was hostile to the owner. Gilbert v. Green, 150 Tex. 521, 242 S.W.2d 879, (1951); Wright v. O'Neal, 161 S.W.2d 348, (Tex.Civ.App.1942), no writ hist.; Crow v. Payne, 242 S.W.2d 824, (Tex.Civ.App.1951), no writ hist. The question of whether plaintiff's possession was hostile is ordinarily a fact issue for the jury, Boone v. City of Stephenville, 37 S.W.2d 842, (Tex.Civ.App.1931), no writ hist.; Texas Life Ins. Co. v. Goldberg, 165 S.W.2d 790, (Tex.Civ.App.1942), err. ref., w. o. m., and was the crucial issue in the *instant case.*

An acknowledgement by a claimant that *the title is in another* has been held to defeat the claimant's limitation claim to land, Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81 (1942), and evidence that a claimant has attempted to buy land from the defendant within the period of limitations had been held to warrant a directed verdict against a claim of adverse possession. Johnson v. Martinez, 18 S.W.2d 925,

(Tex.Civ.App.1929), dismd. This being true, the instant case is seen as one in which an admission as well as a prior inconsistent statement from a previous trial, and bearing upon the most important consideration before the court had been excluded from introduction in evidence. Plaintiff's prior testimony relative to his efforts, personally and through an attorney, to locate the record owner and to purchase the property bears upon the foundation of his adverse possession claim. We must conclude that its exclusion was error.

The judgment of the trial court is reversed and the cause remanded.