Calvin WOOLAVER, Appellant,

v.

TEXACO, INC. & Nolan M. Boydston, Appellees.

No. 2-81-038-CV.

Court of Appeals of Texas, Fort Worth.

July 8, 1982.

Rehearing Denied Sept. 2, 1982.

**154**

Wilbur T. Knape, Hurst, for appellant.

William A. Nobles, Decatur, for appellees.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

## OPINION

SPURLOCK, Justice.

See also *Woolaver v. Texaco, Inc.*, 594 S.W.2d 224 (Tex.Civ.App.—Fort Worth 1980, writ ref, n.r.e.).

This is an appeal by the plaintiff, Calvin Woolaver, from judgment as a matter of law in favor of defendants, Texaco, Inc., et al. That judgment was rendered following a jury trial in an action for relief which included title and possession of plaintiff's property allegedly encroached upon by defendants' retaining wall.

We affirm. Limitation title became vested in the defendants by adverse possession as a matter of law and Woolaver's claim was foreclosed.

The property in dispute is a portion of Guinn Avenue in the City of Decatur, Wise County, Texas. On June 6, 1960 Guinn Avenue was abandoned by an Ordinance of the City of Decatur. At that time the property abutting Guinn Avenue on the west was owned by Nolan M. Boydston, who is an appellee in this suit. The property abutting Guinn Avenue on the east was owned by L. R. Works, whose heirs conveyed the property to Calvin Woolaver on April 6, 1976.

Upon the closing of Guinn Avenue in 1960, the abutting landowners became the owners of the street, each to the center-line abutting their respective properties.

Sometime after acquiring the property, Woolaver had the property surveyed, and it appeared that the retaining wall is within his border-line and encroaches on his east one-half of the abandoned street.

Defendants Boydston and his tenant, Texaco, Inc., claim title to the property to the retaining wall by adverse possession.

Pursuant to Tex.R.Civ.P. 375 the parties have filed a partial statement of facts which is limited to a stipulation by Plaintiff Woolaver that Defendants "have had peaceable adverse and uninterrupted use and possession of that portion of Guinn Avenue in the Sunset Hill Addition to the City of Decatur, Wise County, Texas, lying west of the existing retaining wall situated within the boundaries of same for a continuous period of more than ten years prior to November 18, 1977."

Upon submission of special issues, the jury found that Boydston does not have a deed conveying title to him of more land than one-half of the abandoned Guinn Avenue; that he has not paid taxes on the east one-half of the street; that he has taken possession and is presently withholding from plaintiff a portion of the east one-half of the street; and that plaintiff's surveyor located the original survey points.

The trial court rendered judgment *non obstante veredicto* for defendants and plaintiff perfected this appeal.

Plaintiff appeals by nine points of error which will be grouped for discussion as to defendant's claim to title by adverse possession and plaintiff's assertion of title to the property by deed.

In his points of error 2, 3, 4, and 5 plaintiff contends that the trial court erred in refusing to hold V.A.C.S. art. 5510 is not applicable to plaintiff. The statute provides for title by adverse possession after ten years open, hostile appropriation of land. V.A.C.S. art. 5517 provides that no person shall ever acquire by adverse possession any right to title to any part of any road which has been dedicated for public use by any city. He further contends that the trial court erred in refusing to hold that the conveyance from the City to defendant is not a license to defendant to permanently occupy and obstruct a portion of Guinn Avenue which is owned by plaintiff and in refusing to hold that Guinn Avenue was dedicated to public use, vesting in plaintiff public rights which cannot be defeated by the statute of limitations.

■ Article 5510 provides that a cause of action against one who entered upon land under an adverse claim accrued when the entry was made. *Hickman v. Ferguson*, 164 S.W. 1085 (Tex.Civ.App.—Austin, 1914, writ ref). An owner's cause of action for recovery of lands is deemed to have accrued against an adverse claimant and the ten year statute of limitations is deemed to begin running at the time when the adverse claimant enters on the land; *Crow v. Payne*, 242 S.W.2d 824 (Tex.Civ.App.—Amarillo 1951, no writ).

■ Under the ten-year limitation statute a claimant must demonstrate (1) possession of the land; (2) cultivation, use or enjoyment thereof; (3) an adverse or hostile claim; (4) an inclusive dominion over the property and appropriation of it for his own use and benefit; (5) for the statutory period. *Radford v. Garza*, 586 S.W.2d 656 at 660 (Tex.Civ.App.—Corpus Christi 1979, no writ).

In support of this contention plaintiff cites *County of Calhoun v. Wilson*, 425 S.W.2d 846 (Tex.Civ.App.—Corpus Christi 1968, writ ref. n.r.e.) for the proposition that once a reserved area, as shown on plats of developers, was dedicated to public use, then regardless of the type of possession and claim that adjoining owners might have had, public rights could not be defeated by any statute of limitations. However, that case went on to state that an area dedicated to public use remains subject to such use unless abandoned.

■ The right of the public to the use of a public highway may be lost by abandonment. Where a highway has been lawfully discontinued it may not be reestablished without setting aside the discontinuance or making a new statutory establishment or a new dedication by the owner. 39A C.J.S. sec. 130, Highways-Abandonment.

The City of Decatur passed Ordinance No. 3–60 on June 7, 1960 which provided for vacating the prior dedication and closing that portion of Guinn Avenue which is the subject of this suit. This ordinance further stated that this portion of the street has not been open to the public since its dedication more than 50 years ago and that such street has been abandoned by virtue of such nonuse.

The parties stipulated that following the abandonment by the City, each abutting landowner became the owner of the street to the centerline.

■ We hold that provisions of V.A.C.S. 5517 inhibiting adverse possession in ways dedicated to public use does not apply to

defeat V.A.C.S. art. 5510 where dedicated property has been abandoned.

Plaintiff's points of error numbers 2, 3, 4, and 5 are overruled.

Plaintiff argues in his remaining points of error that the trial court erred in disregarding the fact that he acquired title to the land on April 8, 1976 and discovered the encroachment by survey and then filed suit on November 18, 1977. He further contends it was error to disregard the fact that the grantor conveyed to plaintiff all land owned by him adjoining a narrow strip of land, that grantor intended to include such strip in the conveyance; and the strip and gore doctrine applies (that it is against public policy to leave title of a long narrow strip and gore of land in a grantor conveying a larger tract adjoining or surrounding the strip). He also argues it was error for the trial court to disregard the jury's finding that defendant had taken possession and is withholding from plaintiff a portion of land adjacent to plaintiff's lots.

Limitations began when Defendant Boydston entered upon the property and constructed the retaining wall in 1960. The property was conveyed to plaintiff in 1976. At this time limitation title had matured.

Limitation title, once consummated, is as full and absolute as any other perfect title. *Yates v. Hogstrom*, 444 S.W.2d 851 (Tex.Civ.App.—Houston [14th Dist] 1969).

Plaintiff's points of error 1, 6, 7, 8, and 9 are overruled.

Judgment is affirmed.