## W. H. JOLLY v. IKE T. PRYOR.

### No. 2046.

**Pleading—Due Order—Waiver of Dilatory Plea by Submitting Demurrer.**

Where a defendant who has filed a dilatory plea asserting his privilege to be sued elsewhere, suffers his general demurrer to be heard and acted on by the court, he thereby waives such plea.

APPEAL from Wichita. Tried below before Hon. GEORGE E. MILLER.

*Hodges & Ofiel,* for appellant.—The defendant waived his plea to the jurisdiction of the court by presenting and arguing a demurrer to plaintiff's petition before the plea to the jurisdiction of the court was heard and determined. Spinks v. Mathews, 80 Texas, 373; Turman v. Robinson, 3 Willson C. C., sec. 215; Raleigh v. Cook, 60 Texas, 438; Stark v. Whitman, 58 Texas, 375; Compton v. Stage Co., 25 Texas Supp., 67; Allen v. Read, 66 Texas, 13.

*J. H. Cobb,* for appellee.—A plea of personal privilege to be sued in the county of his residence, filed in the due order of pleading, is not waived by the defendant presenting and arguing a demurrer to the petition, when the docket is called by the court for the hearing and determining of questions of law alone. Rule 24, District Court; Blum v. Strong, 71 Texas, 329.

STEPHENS, ASSOCIATE JUSTICE.—Suit in the District Court of Wichita County upon a written contract which was not to be performed there, brought by appellant against appellee. The latter alleged his residence to be in Travis County, and pleaded in due order his privilege to be sued in that county.

The answer containing this plea also contained demurrers and other defenses to the merits. June 2, 1894, these demurrers were heard and overruled, except the second, which was sustained. It applied only to a part of the cause of action alleged, and the petition was not amended. Action on the demurrers at that time was taken without objection from appellee, and presumptively at his instance.

Thereafter, June 4, 1894, upon an amended answer that day filed, curing certain defects in the venue plea, it not having previously been

sworn to, there was a trial before the court without a jury, which resulted in sustaining that plea, and the consequent dismissal of the suit.

To sustain the judgment thus had and now appealed from, we must hold that a case may be tried upon general demurrer to the petition before the trial of a dilatory plea on the facts without thereby waiving the latter plea. This would be contrary both to reason and precedent. The very object of the plea of privilege is to prevent a trial on the merits in the pending suit. There could be no sense in requiring this sort of a plea to precede the demurrer in the answer, if the trial of the latter might precede that of the former. Such procedure would enable the defendant to experiment with the court upon the merits of the case as alleged, and, if not successful, to then deny the right of the court to give judgment by reason of the dilatory defense.

Had the general demurrer been sustained in this case and the petition not amended, appellee would have had a judgment in his favor which he could have pleaded in bar of another suit upon the same cause of action in Travis County. Not so, had his plea of privilege been first tried and sustained. District Court Rule 24 (47 Texas, 621), requires such pleas to be "first called and disposed of before the main issue on the merits is tried." The statute (Revised Statutes, article 1268) requires that pleas shall not only be filed in the due order of pleading, but that they "shall be heard and determined in such order, under the direction of the court."

Judgment reversed and cause remanded.

*Reversed and remanded.*

Delivered December 14, 1895.

Tarlton, Chief Justice, did not sit in this case.