### BENNETT v. ROSS. (No. 2560.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 2, 1925.)

**1. Appeal and error ⬤⇒672—Pleading ⬤⇒228 —Sustaining special exceptions to answer, not filed until after general and special denial, fundamental error.**

Where plaintiff's special exceptions to defendant's answer were filed after general denial and a special denial under Rev. St. 1925, arts. 2004, 2006, 2012, they were thereby waived, and trial court committed fundamental error in sustaining such special exceptions.

**2. Pleading ⬤⇒210—Special exceptions to answer containing allegations of fact should be overruled.**

Plaintiff's special exceptions to defendant's answer, which contained allegations of fact and were thus in effect speaking demurrers, should have been overruled.

**3. Courts ⬤⇒163—County court has jurisdiction if plaintiff does not assert lien on land nor attempt to enforce it, but if question of title becomes directly involved district court alone has jurisdiction.**

Where a plaintiff suing on a note representing part of purchase price of land, does not assert any lien and is not attempting to enforce it upon the land, the county court has jurisdiction; but, if question of title becomes directly involved, district court alone has jurisdiction.

**4. Courts ⬤⇒163—Defendant sued on purchase-price note entitled to reconvene in county court for plaintiff's breach of warranty to pay taxes.**

In action on note representing part of purchase price of land, if it should be shown that plaintiff was liable for taxes for a certain year as alleged in defendant's cross-action, defendant would be entitled to reconvene in county court, and plead by way of set-off and counterclaim plaintiff's breach of such warranty and payment of taxes by defendant to protect land and would be entitled to recover amount so paid.

**5. Courts ⬤⇒163—District court, and not county court, would have jurisdiction to reform deed.**

In action on purchase-price note, if there was a verbal reservation of crops by plaintiff when he conveyed land, county court would not have jurisdiction to reform deed and reserve crop to plaintiff, but district court alone would have jurisdiction.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Garza County Court; J. M. Boren, Judge.

Action by N. N. Ross against Wyley Bennett, wherein defendant filed a cross-action. Judgment for plaintiff and against defendant on his cross-action, and defendant appeals. Reversed and remanded.

G. E. Lockhart, of Lubbock, for appellant. T. L. Price, of Post, for appellee.

HALL, C. J. Ross sued Bennett in the county court of Garza county upon a note in the sum of $178, which provided for interest and attorney's fees.

Bennett filed an answer which consists, first, of a general demurrer, and, second, a general denial. Then follows a cross-action for damages, in which it is alleged that on the 8th day of September, 1924, Ross conveyed to defendant by warranty deed certain land in Garza county, together with all growing crops situated thereon; that said crops had not matured at the date of the deed, but that defendant became the owner of the cotton crop, and was entitled to the immediate possession of said land and crop; that thereafter plaintiff gathered the cotton and appropriated the same to his own use and benefit, to the defendant's damage in the sum of $800; that plaintiff breached the warranty contained in the deed, in that he failed to pay the taxes for the year 1924 in the sum of $46.03; that he wrongfully withheld the possession of said premises from the 8th day of September, 1924, and still refuses to deliver possession, to the defendant's damage in the sum of $496 interest upon the purchase price paid for said premises. He further sues for the rental value of the land and premises, for the wrongful detention thereof in the sum of $300. He admits his liability upon the note, and asks that the amount thereof be deducted from such amount as may be awarded him on his cross-action. In reply to this pleading, the plaintiff filed a supplemental petition which contains, first, a general demurrer; second, a general denial. This is followed by a special exception, a special denial, and six other special exceptions and an offer to surrender possession when the note sued upon by plaintiff is paid. In this pleading, the plaintiff alleges that the note represents part of the purchase price for the property, and is secured by the vendor's lien upon the premises. The judge sustained four of plaintiff's special exceptions to defendant's cross-action, and then heard the case upon the merits; a jury being waived. Judgment was rendered for plaintiff for the full amount of his note, interest, and attorney's fees, and against defendant on his cross-action.

[1, 2] There was fundamental error committed by the court in sustaining the special exceptions urged by plaintiff to defendant's answer. The special exceptions were not filed in due order required by the statute and the rules. Having been filed after a general denial and a special denial, they were waived. R. S. 1925, arts. 2004, 2006, and 2012; Howard's Unknown Heirs v. Skolant (Tex. Civ. App.) 162 S. W. 978; Jolly v. Pryor, 12 Tex. Civ. App. 149, 33 S. W. 889; McCreary & Barlow v. Gaines, 55 Tex. 486, 40 Am. Rep. 818; Towne's Texas Pleading (2d Ed.) 515–518. Some of the special exceptions which the court sustained contain allegations of fact and are, in effect, speaking demurrers, and for this reason should have been overruled. Cudahy Packing Co. v. M. K. & T. Ry. Co. (Tex. Civ. App.) 206 S. W. 854; Pyle v. Park (Tex. Civ. App.) 196 S. W. 243; Price v. Advance-Rumley Thresher Co. (Tex. Civ. App.) 264 S. W. 113.

[3-5] The appeal is presented here under three propositions, by which it is insisted that although the suit is upon a promissory note, same being a liquidated demand, the defendant may plead in reconvention for damages, provided his damages grow out of, and are connected with, the transaction. This proposition is sound and must be sustained, at least, as to part of the damages. The plaintiff did not plead that the note was given in part payment for his homestead, though that fact is incidentally mentioned in a speaking demurrer. Where a plaintiff does not assert any lien, and is not attempting to enforce it upon the land, the county court would have jurisdiction. If the question of title, however, should become directly involved, the district court alone would have jurisdiction. If it should be shown that plaintiff was liable for the taxes for the year 1924, defendant would be entitled to reconvene in the county court, and plead by way of set-off and counterclaim the breach by plaintiff of such warranty, the payment of the taxes by defendant to protect his land, and he would be entitled to recover the amount so paid. If, as asserted by plaintiff, there was a verbal reservation of the crops by him when he conveyed the land in September, the county court would not have jurisdiction to reform the deed and reserve the cotton crop to him. The district court alone would have jurisdiction under such circumstances. Robbins v. Winters (Tex. Civ. App.) 203 S. W. 149. The question of the measure and items of damages is not presented in the record, and we do not discuss it.

For the errors indicated, the judgment is reversed and the cause remanded.