ACCEPTED
12-15-00004-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/1/2015 4:15:55 PM
CATHY LUSK
CLERK

Case No. 12-15-00004-CV

IN THE

**TWELFTH COURT OF APPEALS**

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/1/2015 4:15:55 PM
CATHY S. LUSK
Clerk

_____

RON SEALE, Individually *and as the Representative of the Estate of* CLARA LAVINIA SEALE

*Appellant*,

V.

HORACE TRUETT SEALE and wife, NAN SEALE

*Appellees.*

_____

APPEALED FROM CAUSE NO. CV04637

In the County Court at Law of Van Zandt County, Texas

_____

**APPELLANT'S APPELLATE BRIEF**

_____

Respectfully submitted,

Richard L. Ray
State Bar No.16606300
Ray & Thatcher, Attorneys at Law, P.C.
300 South Trade Days Boulevard
Canton, Texas 75103
(903) 567-2051
Fax (903) 567-6998
Email: rlray@rayandthatcher.com
ATTORNEYS FOR APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

The following list of parties and counsel is provided so the members of the court may determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case:

1.    Appellant:
Ron Seale
17296 FM 17
Canton, Texas 75103

2.    Counsel for Appellant:
Richard L. Ray
Victoria Ray Thatcher
Ray & Thatcher, Attorneys at Law, P.C.
300 S. Trade Days Blvd.
Canton, Texas 75103
903-567-2051
903-567-6998 – fax
rlray@rayandthatcher.com

3.    Appellees:
Horace Truett Seale and wife, Nan Seale
c/o Martin Walker, P.C.
The Arcadia Theater
121 N. Spring Avenue
Tyler, Texas 75702

4.    Counsel for Appellees:
John (Jack) F. Walker, II
Martin Walker, P.C.
The Arcadia Theater
121 N. Spring Avenue
Tyler, Texas 75702
903-526-1600
903-595-0796 – fax
jwalker@martinwalkerlaw.com

i

# TABLE OF CONTENTS

**CASES**                                                                                 **PAGE**

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii, iv

Statement of the Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Procedural History and Background Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-14

      A.     Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-14

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

Appendix . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-END

# INDEX OF AUTHORITIES

**STATUTES**                                                                     **PAGE**

Civil Practice and Remedies Code, Section 37.001……………………………..……4

Civil Practice and Remedies Code, Section 37.004……………………….…..…..12

Tx. Gov't. Code § 25.0003 ……………………………………………….4, 7, 9, 14

Tx. Gov't Code § 25.2362……………………………………………… 6, 9, 14

Tx. Gov't Code § 26.043…………………………………………… 6, 9, 12, 14

**CASES**                                                                     **PAGE**

*Bennett v. Ross*, 278 S.W. 314 (Tex. Civ. App. Amarillo 1925)…………………..11

*Carter v. Gray*, 125 Tex. 219, 81 S.W.2d 647 (Comm'n App. 1935)…………......11

*City of Dallas v. Albert* (Sup. 2011) 354 S.W.3d 368…………………………….13

*City of Dallas v. Brown* (App. 5 Dist. 2012) 373 S.W.3d 204, rehearing overruled, review denied…………………………………………….....13

*Galley v. Hedrick,* 127 S.W.2d 978 (Tex. Civ. App. Amarillo 1939)…………….11

*J.M. Huber Petroleum Co. v. Yake*, 121 S.W.2d 670 (Tex. Civ. App. Amarillo 1938)…………………………………………….…11

*In re Marriage of Skarda,* 345 S.W. 3rd 665 (Tex. App. Amarillo, 2011)……11, 12

*Kegans v. White*, 131 S.W.2d 990 (Tex. Civ. App. Eastland 1939), writ refused…………………………………………………....…11

*Penney v. Woody,* 147 S.W. 872 (Tex. Civ. App. Amarillo 1912…………….....11

*Texas Dept. of Transp. v. Sefzik* (Sup. 2011) 355 S.W.3d 618……………………13

*Wilder v. Cox*, 104 S.W.2d 897 (Tex. Civ. App. Austin 1937), writ dismissed…..11

**OTHER SOURCES**                                                       **PAGE**

Volume 16, Texas Jurisprudence 3ʳᵈ Section 94 …………………………………10

Vernon's Ann. Texas Const. Art. 5 §§ 1, 21.009(2), 25.003(a), (c)(1),
25.1541(a)(3), 25.15242, 26.043……………………………………………..13

# BRIEF OF APPELLANT

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE NATURE OF THE CASE

This is an appeal from an "Order" (1CR74) which was in substance an Order of Dismissal of the Plaintiffs' cause of action, dated December 16, 2014. The Defendants previously filed a Motion to Dismiss dated on October 10, 2014, for lack of jurisdiction (1CR28).

The Appellant subsequently filed a timely Notice of Appeal on January 12, 2015 (1CR76).

## ISSUES PRESENTED

The trial court erred in dismissing the Appellants' cause of action against Appellees.

## STATEMENT OF FACTS

### a. Procedural History

The case at issue commenced with its filing on February 2, 2012, when the Appellants, Ron Seale, Individually and as the representative of the Estate of Clara Lavinia Seale, hereinafter referred to as "Ron Seale", filed suit against the Appellees, Horace Truett Seale, a brother, and his wife Nan Seale, hereinafter referred to as "Truett Seale", for declaratory judgment relief relative to a deed which is attached to the Appellants' Petition (1CR6, 11).

1

On or about February 24, 2012, "Truett Seale" filed his answer which he amended on August 21, 2014, in which he did not allege a "lack of jurisdiction" on the part of the County Court at Law (Van Zandt County).

As indicated above, on October 10, 2014, "Truett Seale" filed a Motion to Dismiss based essentially upon the "inability" of the County Court at Law to determine a "title issue to real property".

This came as no surprise to "Ron Seale" since the Court, at a Summary Judgment setting on September 26, 2014, suggested its lack of jurisdiction when it stated:

"THE COURT: One concern I have, Mr. Ray, is I would need to review the County Courts at Law enabling statute, but I'm not sure that I have authority to rule on real property matters and disputes. Have you checked the enabling statute lately? I know I can handle stuff that is a whole line of cases with respect to landlord tenant type appeals from the JP courts and you kind of get into some situations there where it's close when you're dealing with issues of possession.

I'm handling that, but I believe there's some prohibition against handling land, real property type interest in Van Zandt County. I think that may be reserved to the district court. I don't know if you can get around that

through a Dec action. That would be something that would need to be briefed." (1RR10(12/26/14))

Once again, in his Answer and Amended Answer, "Truett Seale" pled no lack of jurisdiction.

On December 16, 2014, an Order, untitled, dismissed "Ron Seale's" cause of action, after argument before the Court heard on November 20, 2014. A copy of the argument is provided in the Reporter's Record. (1RR4(11/20/14))

### b. Factual Background

On August 9, 1999, Angus Seale signed a warranty deed to "Truett Seale" and wife Nan Seale to some 157.3 acres. (1CR11)

The deed contained no description and, essentially, disinherited some four (4) other siblings.

More critical, Lavinia Seale, Angus Seale's wife, did not sign the deed or convey her community interest to "Truett Seale" by any known instrument.

As a result, on February 2, 2012, "Ron Seale" as representative of the Lavinia Seale estate, his mother, filed suit seeking declaratory relief to determine the validity of the deed to "Truett Seale" and also the proportionate ownership purchased.

No issue of title or recovery was raised in his petition. (1CR6)

## SUMMARY OF THE ARGUMENT

The order of the lower court should be reversed because the Van Zandt County Court at Law does have jurisdiction to construe instruments under the Declaratory Judgment Act (Civil Practice and Remedies Code 37.001 *et seq*).

## ARGUMENT

A.   <u>Jurisdiction</u>.

The only issue is the jurisdiction of the Van Zandt County Court at Law; and the issue is, "Does the Court have jurisdiction of a declaratory judgment action which seeks an interpretation of a deed?"

There are three (3) statutes that are relevant and key to this determination. Section 25.0003 of the Government Code states as follows:

(a)   A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts.

(b)   A statutory county court does not have jurisdiction over causes and proceedings concerning roads, bridges, and public highways and the general administration of county business that is within the jurisdiction of the commissioners court of each county.

(c)     In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:

(1) Civil cases in which the matter in controversy exceeds $500 but does not exceed $200,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition; and

(2) Appels of final rulings and decisions of the division of workers' compensation of the Texas Department of Insurance regarding workers' compensation claims, regardless of the amount in controversy.

(d)     Except as provided by Subsection (e), a statutory county court has, concurrent with the county court, the probate jurisdiction provided by general law for county courts.

(e)     In a county that has a statutory probate court, a statutory probate court is the only county court created by statute with probate jurisdiction.

(f)     A statutory county court does not have the jurisdiction of a statutory probate court granted statutory probate courts by the Texas Probate Code.

Section 26.043 of the Government Code specifically states civil matters in which the County Court is without jurisdiction, as follows:

A county court does not have jurisdiction in:

(1) A suit to recover damages for slander or defamation of character;

(2) A suit for the enforcement of a lien on land;

(3) A suit in behalf of the state for escheat;

(4) A suit for divorce;

(5) A suit for the forfeiture of a corporate charter;

(6) A suit for the trial of the right to property valued at $500 or more and levied on under a writ of execution, sequestration, or attachment;

(7) An eminent domain case; or

(8) A suit for the recovery of land.

The specific statute of the Government Code which creates the Van Zandt County Court at Law is Government Code 25.2362, which states:

(a)     In addition to the jurisdiction provided by Section 25.0003 and other law, and except as limited by Subsection (b), a county court at law in Van Zandt County has concurrent jurisdiction with the district court in:

(1) Felony cases to:

(A) Conduct arraignments;

(B) Conduct pretrial hearings;

(C) Accept guilty pleas; and

(D) Conduct jury trials on assignment of a district judge presiding in Van Zandt County and acceptance of the assignment by the judge of the county court at law;

(2) Class A and Class B misdemeanor cases;

(3) Family law matters;

(4) Juvenile matters;

(5) Probate matters;

(6) Guardianship matters; and

(7) Appeals from the justice and municipal courts.

(b)     A county court at law's civil jurisdiction concurrent with the district court in civil cases is limited to cases in which the matter in controversy does not exceed $200,000.  A county court at law does not have

general supervisory control or appellate review of the commissioners court or jurisdiction of:

(1) Suits on behalf of this state to recover penalties or escheated property;

(2) Felony cases involving capital murder;

(3) Misdemeanors involving official misconduct; or

(4) Contested elections.

(c)     Repealed by Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B.79), § 4.50(a)(92).

(d)     The judge of a county court at law shall be paid a total annual salary set by the commissioners court at an amount that is not less $1,000 less than the total annual salary received by a district judge in the county. A district judge's or statutory county court judge's total annual salary does not include contributions and supplements paid by a county.

(e)     Repealed by Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79) § 4.50(a)(92).

(f)     The district clerk serves as clerk of a county court at law in family court matters and proceedings, and the county clerk shall serve as clerk of a county court at law in all other matters. Each clerk shall establish a separate docket for a county court at law.

(g)     The official court reporter of a county court at law is entitled to receive a salary set by the judge of the county court at law with the approval of the commissioners court.

(h)     Repealed by Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 4.50(a)(92).

(i)     If a jury trial is requested in a case that is in a county court at law's jurisdiction, the jury shall be composed of six members unless the constitution requires a 12-member jury.

Added by Acts 2009, 81st Leg., ch. 1103, § 15(a), eff. Jan. 1, 2011. Amended by Acts 2011, 82nd Leg., ch. 773 (H.B. 1897) § 1, eff. Sept. 1, 2011; Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 4.50(a)(92), eff. Jan. 1, 2012.

The use of the wording that the County Court's jurisdiction "is the jurisdiction provided by Section 25.0003 and other law" is somewhat in artful because it makes no reference to Section 26.043 which states in Section (8) that a county court (constitutional) "does not have jurisdiction in a suit for recovery of land". Instead, the statute clearly states that the "county curt at law's civil jurisdiction" is "concurrent with the district court in civil cases" which clearly implies that the county court at law's jurisdiction has been enhanced by its unique statute, 25.2362.

Apparently the Court determined that "Ron Seale's" petition was a suit to recover land, although the order of dismissal states no specific reason for the dismissal, other than "lack of jurisdiction".

"Ron Seale" makes no claim for recovery of land or determination of a title issue, in his petition (1CR6). Further, his prayer states:

### "PRAYER FOR RELIEF

THEREFORE, Plaintiff respectfully requests that this court:

1. Render a judgment declaring Defendants to have no right at law or in equity to the above described real property, or;

2. In the alternative, if this court should find that Defendants have an interest in the property, declaring the specific nature and value of any such interest of the Defendants;

3. That the Defendants be held to account to the estate for rents and profits received from the property; and

4. For any other relief to which the Plaintiff is entitled."

Perhaps the court construed the limitations of the jurisdictional statutes too literally and too narrowly.

Volume 16 of Texas Jurisprudence 3rd Section 94, Courts, states with respect to suits for recovery of land and county court at law jurisdiction as follows:

10

Although county courts do not have jurisdiction of suits for the recovery of land or the enforcement of liens on land, (§ 92) such a court may exercise jurisdiction, in a proper case, when title is only incidentally involved. *Kegans v. White*, 131 S.W.2d 990 (Tex. Civ. App. Eastland 1939), writ refused; *Galley v. Hedrick*, 127 S.W.2d 978 (Tex. Civ. App. Amarillo 1939); *J.M. Huber Petroleum Co. v. Yake*, 121 S.W.2d 670 (Tex. Civ. App. Amarillo 1938); *Wilder v. Cox*, 104 S.W.2d 897 (Tex. Civ. App. Austin 1937), writ dismissed. Thus, it may have jurisdiction of an action for breach of warranty of title, *Penney v. Woody,* 147 S.W. 872 (Tex. Civ. App. Amarillo 1912), and an action on a note given for the purchase price of land, when the plaintiff does not assert any lien and is not attempting to enforce it on the land. *Carter v. Gray*, 125 Tex. 219, 81 S.W.2d 647 (Comm'n App. 1935); *Bennett v. Ross*, 278 S.W. 314 (Tex. Civ. App. Amarillo 1925).

In *In re Marriage of Skarda,* 345 S.W. 3rd 665 (Tex. App. Amarillo, 2011) the Court states that:

"County Court at law of Lubbock County had jurisdiction to characterize property as joint property of husband and wife in divorce proceeding, despite argument that husband asserted property was his separate real property and court lacked jurisdiction in suit for recovery of land; divesting of jurisdiction in suits for recovery of land only referred to

11

constitutional county courts, not statutory county courts, *legislature had given court concurrent jurisdiction with district courts in family law cases and proceedings, and resolution of disputed characterization of property held by parties was matter incident to divorce (emphasis added)*." Vernon's Ann. Texas Const. Art. 5, § 1; V.T.C.A., Government Code §§ 21.009(2), 25.003(a), (c)(1) 25.1541(a)(3), 25.1542, 26.043. *In re Marriage of Skarda*, 345 S.W.3d 665 (Tex. App. Amarillo 2011).

In the instant case "Ron Seale's cause of action seeks purely a declaratory judgment ruling to interpret a deed. There is no challenge to title.

Section 37.004 of the Civil Practice and Remedies Code, relative to declaratory relief, states:

(a)   A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

(b)   A contract may be construed either before or after there has been a breach.

(c)     Notwithstanding Section 22.001, Property Code, a person described by Subsection (a) may obtain a determination under this chapter when the sole issue concerning title to real property is the determination of the proper boundary line between adjoining properties. Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 2007, 80th Leg., ch. 305, § 1, eff. June 15, 2007.

A declaratory judgment action does not "enlarge a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's underlying nature." *City of Dallas v. Brown* (App. 5 Dist. 2012) 373 S.W.3d 204, rehearing overruled, review denied; *Texas Dept. of Transp. v. Sefzik* (Sup. 2011) 355 S.W.3d 618; *City of Dallas v. Albert* (Sup. 2011) 354 S.W.3d 368.

"Ron Seale" clearly falls within the ambit of declaratory relief. He is a person "interested under a deed", as an heir and as representative of the Lavinia Seale (spouse of Angus Seale) Estate.

However, such a request for interpretation is not for "recovery of land".

Jurisdiction of Declaratory Relief is not limited. "Ron Seale" was entitled to have the Van Zandt County Court at Law interpret and determine the validity of the deed and accordingly its proportionate interest owners.

It is clear that the County Court at Law cannot determine title, but it is not limited in construing and interpreting instruments, wills and deeds.

## CONCLUSION

Appellees are entitled to declaratory relief as a matter of law on their cause of action because the Van Zandt County Court at Law does have jurisdiction "concurrent with the District Court" where the interpretation of a deed by an interested party is sought.

## STATEMENT REGARDING ORAL ARGUMENT
### (38.1(e) of the Rules of Appellate Procedure)

This case has little or no dispute concerning the facts. It hinges entirely upon an interpretation of a statute (Government Code 25.0003, 25.2362, 26.043) and its impact.

The Appellant is not requesting oral argument.

## PRAYER

Appellant prays that the trial court's order of dismissal be reversed, that the cause be remanded, and that the costs of court, both trial and appellate, be assessed against Appellees.

Respectfully submitted,

RAY & THATCHER, ATTORNEYS AT LAW, PC


*/s/ Richard L. Ray*

RICHARD L. RAY
State Bar No. 16606300
VICTORIA RAY THATCHER
State Bar No. 24054462
300 South Trade Days Blvd.
Canton, Texas 75103
903-567-2051
903-567-6998 (fax)
rlray@rayandthatcher.com
ATTORNEYS FOR APPELLANTS

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Appellants' Appellate Brief has been mailed via U.S. First Class Mail, on this the 1st day of May, 2015, to the following counsel of record:

John F. (Jack) Walker, III
Martin Walker, P.C.
The Arcadia Theater
121 N. Spring Avenue
Tyler, Texas 75702.

/s/ Richard L. Ray
RICHARD L. RAY

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this Appellees' Appellate Brief (including any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) is 3,980 .

/s/ Richard L. Ray
RICHARD L. RAY

# APPENDIX

**DESCRIPTION**                                    **EXHIBIT NUMBER**

1. Order (of Dismissal for Lack of Jurisdiction)
   (12/16/14)……………………..……………………….…"A"

2. Tx. Gov't. Code § 25.0003………………….…………..………..."B"

3. Tx. Gov't Code § 25.2362………….…………………….."C"

4. Tx. Gov't Code § 26.043……………………………………"D"

# EXHIBIT "A"

CAUSE NO. CV04637

FILED FOR RECORD

2014 DEC 16 PM 3: 21

CHARLOTTE BLEDSOE
COUNTY CLERK, VAN ZANDT CO., TX

BY_____ DEP.

| | | |
|---|---|---|
| RON SEALE, Individually and as the Representative of the Estate of CLARA LAVINIA SEALE<br>Plaintiff | § § § § § | COUNTY COURT AT LAW |
| VS. | § § | OF |
| HORACE TRUETT SEALE and wife, NAN SEALE,<br>Defendants | § § § | VAN ZANDT COUNTY, TEXAS |

## ORDER

On November 20, 2014, the Court heard the Defendants' Motion to Dismiss for Lack of Jurisdiction. All parties were represented by counsel.

Having considered the motion, Plaintiff's response, the arguments of counsel, and the applicable law, the Court concludes that it lacks jurisdiction over the Plaintiff's claims. It is therefore ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction is hereby GRANTED.

SIGNED AND ENTERED on this the _16th_ day of December, 2014.

_Randal L. McDonald_
HONORABLE RANDAL L. McDONALD
JUDGE PRESIDING

# EXHIBIT "B"

TEXAS GOVERNMENT CODE
TITLE 2, JUUDICIAL BRANCH
SUBTITLE A. COURTS

Section. 25.0003. JURISDICTION

(a) A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts.

(b) A statutory county court does not have jurisdiction over causes and proceedings concerning roads, bridges, and public highways and the general administration of county business that is within the jurisdiction of the commissioners court of each county.

(c) In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:

(1) Civil cases in which the matter in controversy exceeds $500 but does not exceed $200,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition; and

(2) Appels of final rulings and decisions of the division of workers' compensation of the Texas Department of Insurance regarding workers' compensation claims, regardless of the amount in controversy.

(d) Except as provided by Subsection (e), a statutory county court has, concurrent with the county court, the probate jurisdiction provided by general law for county courts.

(e) In a county that has a statutory probate court, a statutory probate court is the only county court created by statute with probate jurisdiction.

(f) A statutory county court does not have the jurisdiction of a statutory probate court granted statutory probate courts by the Texas Probate Code.

Section 26.043 of the Government Code specifically states civil matters in which the County Court is without jurisdiction, as follows:

A county court does not have jurisdiction in:

(1) A suit to recover damages for slander or defamation of character;

(2) A suit for the enforcement of a lien on land;

(3) A suit in behalf of the state for escheat;

(4) A suit for divorce;

(5) A suit for the forfeiture of a corporate charter;

(6) A suit for the trial of the right to property valued at $500 or more and levied on under a writ of execution, sequestration, or attachment;

(7) An eminent domain case; or

(8) A suit for the recovery of land.

# EXHIBIT "C"

Section. 25.2362. VAN ZANDT COUNTY COURT AT LAW PROVISIONS

(a)    In addition to the jurisdiction provided by Section 25.0003 and other law, and except as limited by Subsection (b), a county court at law in Van Zandt County has concurrent jurisdiction with the district court in:

(1) Felony cases to:
(A) Conduct arraignments;
(B) Conduct pretrial hearings;
(C) Accept guilty pleas; and
(D) Conduct jury trials on assignment of a district judge presiding in Van Zandt County and acceptance of the assignment by the judge of the county court at law;

(2) Class A and Class B misdemeanor cases;
(3) Family law matters;
(4) Juvenile matters;
(5) Probate matters;
(6) Guardianship matters; and
(7) Appeals from the justice and municipal courts.

(b)    A county court at law's civil jurisdiction concurrent with the district court in civil cases is limited to cases in which the matter in controversy does not exceed $200,000. A county court at law does not have general supervisory control or appellate review of the commissioners court or jurisdiction of:

(1) Suits on behalf of this state to recover penalties or escheated property;
(2) Felony cases involving capital murder;
(3) Misdemeanors involving official misconduct; or
(4) Contested elections.

(c)    Repealed by Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B.79), § 4.50(a)(92).

(d)    The judge of a county court at law shall be paid a total annual salary set by the commissioners court at an amount that is not less $1,000 less than the total annual salary received by a district judge in the county. A district judge's or statutory county court judge's total annual salary does not include contributions and supplements paid by a county.

(e)     Repealed by Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79) § 4.50(a)(92).

(f)     The district clerk serves as clerk of a county court at law in family court matters and proceedings, and the county clerk shall serve as clerk of a county court at law in all other matters.  Each clerk shall establish a separate docket for a county court at law.

(g)     The official court reporter of a county court at law is entitled to receive a salary set by the judge of the county court at law with the approval of the commissioners court.

(h)     Repealed by Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 4.50(a)(92).

(i)     If a jury trial is requested in a case that is in a county court at law's jurisdiction, the jury shall be composed of six members unless the constitution requires a 12-member jury.

Added by Acts 2009, 81st Leg., ch. 1103, § 15(a), eff. Jan. 1, 2011. Amended by Acts 2011, 82nd Leg., ch. 773 (H.B. 1897) § 1, eff. Sept. 1, 2011; Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 4.50(a)(92), eff. Jan. 1, 2012.

# EXHIBIT "D"

TEXAS GOVERNMENT CODE
TITLE 2, JUUDICIAL BRANCH
CONSTITUTIONAL COUNTY COURTS

Section. 26.043. CIVIL MATTERS IN WHICH COUNTY COURT IS WITHOUT JURISDICTION

A county court does not have jurisdiction in:
(1) A suit to recover damages for slander or defamation of character;
(2) A suit for the enforcement of a lien on land;
(3) A suit in behalf of the state for escheat;
(4) A suit for divorce;
(5) A suit for the forfeiture of a corporate charter;
(6) A suit for the trial of the right to property valued at $500 or more and levied on under a writ of execution, sequestration, or attachment;
(7) An eminent domain case; or
(8) A suit for the recovery of land.